Miller *v.* Whittier.

MILLER, *in equity, versus* WHITTIER *& als.*

A person, who has assigned all his interest in a contract made to him, need not join with the assignee as a plaintiff, in a bill for performance.

One, bound to convey land upon the performance by another of certain precedent conditions, does, by purposely incapacitating himself to make the conveyance, exonerate the obligee from the performance, prior to instituting a bill for relief.

THE bill alleges, *that* one Amos Patten conveyed to Joseph Whittier, (defendant) certain premises described; — *that* said premises were purchased by Whittier as trustee for James H. Perkins & J. P. Wendell, co-partners composing the firm of Perkins & Wendell; *that* afterwards said firm was dissolved, and Perkins transferred all his interest in the premises and other assets to Wendell, who carried on business under the name of J. P. Wendell & Co; — *that* Whittier became seized of the premises and possessed of the stock and personal property thereon, in trust for said Wendell, and being so seized and possessed made the following agreement with said Wendell, under the name of J. P. Wendell & Co., which was mutually executed and delivered; which is in the following words: —

" Memorandum of agreement, made and entered into this seventeenth day of November, eighteen hundred and forty-five, between Joseph Whittier of the town of Lincoln, county of Penobscot, State of Maine, of the one part, and J. P.

Wendell & Co., of the city of Philadelphia, State of Pennsylvania, of the other part, witnesseth, that said Joseph Whittier agrees to deed to A. E. Wendell, or whom she may direct, all that property, known to the parties as the Mattanawcook purchase, being the village of Lincoln, containing 600 acres, more or less, with grist-mills, saw-mills and all improvements, buildings, &c., belonging to the same. Also a tract of land known as the half township tract, with water communications, &c. It being understood that said property is clear of all incumbrances except two mortgages, each for $2000, one to J. J. Wiggins and one to Samuel Billings. Also excepting the building lots said Whittier has sold or may sell in the village, and farms on half township. He will also transfer all bonds, mortgages and securities, which he has received on sale of such lots to Ann E. Wendell. It is understood there is a farm which was sold to said Wiggin for $500, which said Whittier agreed to take back, which he will pay out of the funds which may be in his hands arising from the property, and said Wiggin to re-deed to Ann E. Wendell. He, said Whittier, agrees to take the management of said property for one year from this date, during which time he will convert as much of the personal property now on hand, and which may arise in future operations of the property, to the best advantage, into means to meet the liabilities or debts which have arisen, or may arise from the management of the same, and when such debts and liabilities are paid, then said Whittier shall transfer all the personal property which may remain on hand to said J. P. Wendell & Co., if required so to do, who on their part agree in the first place to pay into the hands of Gid. C. Smith, $1000 in cash, and their several notes at 3 and 6 months for $1000 each, amounting to $3000, which said Gid. C. Smith is to pay over to Nancy Whittier whenever he shall receive the beforementioned deeds duly executed and signed by said Joseph Whittier and wife, and it is understood that, if said deeds are executed at once, then said Smith shall pay the $1000, on receipt of them, to Nancy

Whittier, and enter satisfaction for that amount on a certain mortgage, which he holds as security for the payment of the above $3000 for said Nancy Whittier, and at the maturity of said notes, if paid, satisfaction to be entered by said Smith on the mortgage, and the money to be paid over to Nancy Whittier. J. P. Wendell & Co. further agree to pay said Joseph Whittier $900 as a salary for the management of the business for one year commencing at this date, and to secure to said Whittier the sum of $1500, by mortgage on the property at such time as may be agreed upon. Also to obtain and forward to Gid. C. Smith, said Whittier's notes, now in the hands of Grant & Stone, amounting to $10500 on interest from dates, being part of the money advanced for the purchase of the aforesaid property. J. P. Wendell & Co. also agree to accept said Whittier's drafts at such times and dates as may be agreed upon, for the payment of certain debts due in Boston for the merchandize, purchased for the benefit and management of lumbering, milling and farming on said property, amounting to about $1100. It is understood by this agreement that said J. P. Wendell & Co. are to exonerate said Joseph Whittier from all liabilities, which have arisen from the management of said business of lumbering and improvement of the property. It is also understood that should said Whittier wish to leave said property at the expiration of one year, said J. P. Wendell & Co. will use their endeavors to pay a part or the whole of the $1500 before mentioned. In witness whereof we have hereunto set our hands the day and year abovementioned.

" Joseph Whittier,<br>
" J. P. Wendell & Co."

The bill then alleges, in substance, *that*, in fulfilment of this agreement, J. P. Wendell & Co. placed in the hands of Gideon C. Smith the sum of $1000, and their three notes for $1000 each, but said Whittier and wife have neglected and failed to execute the deed as provided in said agreement; and that the several stipulations which were to be performed by Wendell had all been performed, except, that instead of

taking up and forwarding to Smith for Whittier's use the notes of $10500, the plaintiff has taken them up and holds them in readiness for Whittier, when he shall have performed his part of the contract.

That Wendell afterwards, being indebted to the plaintiff, transferred and assigned to him all his interest in the personal property on the premises, and by deed, April 28, 1848, duly executed and recorded, conveyed to him, in mortgage, all his interest in said premises ; and has since, by two deeds, conveyed all his interest in the premises to the plaintiff.

The plaintiff further alleges, that Ann E. Wendell granted and conveyed all her interest by a deed to the plaintiff, and directed said Whittier to convey the same to him.

By reason of all which, Whittier became trustee for plaintiff, and holds and should hold said property and the proceeds for his benefit and use ; and plaintiff is entitled to have from said Whittier a conveyance of the real estate unsold ; and possession of the personal property unsold ; and an account of all that has been sold ; and a transfer and delivery of the moneys and securities taken therefor ; and an account of income and profits.

But Whittier, (combining with other defendants, &c.,) refuses to convey the real estate, or deliver the personal property, or to account for the proceeds of what is sold, or the income or profits, but pretends that he is not trustee, and that he holds in his own right, and threatens to sell.

The bill further alleges that, shortly after making the said agreement, the said Whittier did convey, with intent to avoid the trust, &c., to P. T. Jones, (defendant,) son-in-law of said Whittier, 4,500 acres of land, part of said premises, and at other times, divers other tracts, part of said premises, (as to which plaintiff prays a discovery.)

And said Whittier has, with such intent, also transferred and delivered to said Jones a large part of the personal property aforesaid. Which conveyances, transfers and deliveries were without any consideration, or any adequate considera-

Miller *v.* Whittier.

tion; and at the time of the making of them, said Jones had notice that Whittier held in trust, and of the agreements and dealings between said Whittier, and Perkins & Wendell and J. P. Wendell & Co.

Whereby Jones became trustee of plaintiff, as to the property so passed to him, and bound to convey and deliver to plaintiff, and to render an account of proceeds, rents and profits, and to pay the securities and moneys by him received therein. But he refuses to convey or to deliver possession, or to account.

*Prayer* for defendants to answer; —

and that Whittier may be ordered to declare a trust of and concerning said real estate, and convey the same to plaintiff, and deliver the personal property, or so much of both as remains unsold; to render an account of what has been sold and disposed of and of the income and profits; and to pay over the moneys and securities received for the same, or so much as may, on such accounting, appear due to plaintiff; and that Jones may be ordered to declare a trust of and concerning all that has come into his hands; and to convey and deliver the same to plaintiff, or so much as is unsold; and of the income and profits; and to pay over the moneys and securities received for the same, or so much as may appear to be due to the plaintiff.

Plaintiff offering to do on his part, whatever said J. P. Wendell & Co., his grantors, should do and perform by said agreement, and whatever the court shall order him to do; and praying such other and further relief as to the court shall seem meet.

Defendants, Jones and Whittier, severally file general *demurrers* to plaintiff's bill.

*Cutting*, for defendants, Whittier and Jones.

By the contract relied upon, Whittier was to convey to Ann E. Wendell or "to whom she might direct" only the real estate. But the personal property he was to convey to J. P. Wendell & Co. *and not to their assigns*; so that in order to sustain the bill J. P. Wendell & Co should have been joined as

party plaintiffs; or the bill may be said to be multifarious, embracing distinct substantive matters, real and personal estate ; the one assignable and the other not, by the very terms of the plaintiff's proof.

J. P. Wendell & Co. were "*to obtain and forward unto Gideon C. Smith said Whittier's notes (then) in the hands of Grant & Stone, amounting to ten thousand five hundred dollars on interest from dates, being part of the money advanced for the purchase of the aforesaid property.*"

On this particular the bill alleges, not that said notes had been obtained and forwarded to Smith, but that said Wendell & Co. did obtain said notes, and that the same are *now held by your orator,* who is willing and hereby tenders to dispose of said notes as said Joseph Whittier may desire, and this court may direct, upon his full compliance with the agreement aforesaid.

The contract is clear, explicit and peremptory, that the notes shall be taken up and forwarded to Gideon C. Smith, who it would seem, was the person selected by the parties as the stake holder, until the deed was executed, when they were to be delivered up to Whittier.

Neither equity or law will compel Whittier to do anything until the notes are lodged with said Smith.

It is not sufficient, that the plaintiff has them in his possession, and is willing to do with them as the court may direct.

Again, the bill must be dismissed for want of jurisdiction. The plaintiff alleges the defendant to be his trustee, and he is the *cestui que trust.* But no such fact legally appears. For "all trusts concerning lands, excepting those which arise or result by implication of law, must be created and manifested by some writing, signed by the party creating and declaring it, or by his attorney." R. S. c. 91, § 31; *Cowan* v. *Wheeler,* 25 Maine, 267.

*Rowe* and *Bartlett* for plaintiff.

If there has not been a strict legal compliance with the terms of the contract, and the non-compliance does not go to

the essence of the contract, relief will be granted, if it be conscientious. 2 Story's Eq. § 771, 775, and per L'd Redesdale (in note to same); *Rogers* v. *Saunders*, 16 Maine, 92, 112, 113; *Getchell* v. *Jewett*, 4 Maine, 350, 360, 361; *Taylor* v. *Longworth*, 14 Peters, 170; 2 Sugden's Venders, 340; *Jones, in equity,* v. *Robbins & al.* 29 Maine, 351.

If a bill be brought by a party, himself in fault, the court will consider all the circumstances of the case, and decide according to those circumstances. *Brashier* v. *Gratz*, 6 Wheat. 528; [5 Cond. R. 165.]

If the important part of an agreement be performed, and an inconsiderable part be left unfulfilled, equity will decree a specific performance. *Church* v. *Steele*, 1 A. K. Marshall, Kentucky, 330.

SHEPLEY, C. J., orally. — Whittier entered into a written contract. This bill is brought by an assignee who seeks a performance. The contract required, that Whittier should convey certain lands to Wendell's wife or her appointee. Whittier was also to transfer to Wendell & Co. all bonds and securities which he had received on certain sales. He was to manage the estates for a year, making sales and paying debts, and was then to transfer to Wendell all the remaining personal property.

There were many stipulations, which Wendell on his part was to perform.

The bill substantially alleges the performance of them all, except that which required Wendell to procure and lodge in the hands of Smith, to be delivered by Smith to Whittier, certain notes outstanding against Whittier amounting to $10,500, and interest.

As to that stipulation, the bill alleges, that the plaintiff had obtained said notes, and is ready to deliver them to Whittier, whenever Whittier shall have performed his part of the contract.

Whittier has never made the conveyances and transfers, on his part to be done.

Miller *v.* Whittier.

The bill sets forth, that the interest both of Wendell and of Mrs. Wendell has become vested in the plaintiff, who was, by his stipulation to perform all that Wendell was to perform.

The bill also alleges, that Whittier for the purpose of avoiding the trust, conveyed to the other defendant, Jones, who is his son-in-law, 4500 acres of the land and other portions of the trust estate ; and that Jones, in receiving said land, and other of the trust estates, had full knowledge of the agreements and trusts, into which Whittier had entered with Wendell & Co.

A general demurrer to the bill has been filed by each of the defendants. One objection to the bill is, that the personal property was to be conveyed to Mr. Wendell and therefore Wendell ought to join as plaintiff in the bill.

But all that Wendell had, and all that Mrs. Wendell had, went to the plaintiff, as is alleged in the bill and admitted by the demurrer. The defendant's chief objection is, that the plaintiff permits one of the specified conditions of the bill to remain unperformed on his part. He was to take up and deposit with Smith the $10,500 notes, outstanding against Whittier, and has not done so. It appears, however, that the plaintiff took up the notes, and holds them ready to be delivered to Whittier, when Whittier should fulfil his part of the contract. Still that objection would be fatal, except, that the bill alleges another fact, which is, that Whittier, for the purpose of avoiding the trust, conveyed to his son-in-law, Jones, 4500 acres of the land, and thereby incapacitated himself to perform the contract on his part. By that proceeding, he exonerated the plaintiff from delivering up the notes.

The bill further alleges, that Jones, in receiving the conveyance from Whittier, not only of the 4500 acres of land, but of other of the trust property, had full knowledge of the agreements and trusts between Wendell and Whittier. Upon such a state of facts, both demurrers must be overruled.

---

Note.—Wells, J. took no part in this decision. At the time of the argument, he was engaged in court at Piscataquis county.