## Levi House, Administrator &c. v. Samuel W. Dexter and Others.

The heir at law of the vendee, and not the administrator, is the proper party complainant to a bill in Chancery to compel the specific performance by the vendor of a contract for the conveyance of lands.

A bill having been filed in such a case by the administrator, praying a conveyance of the land to himself, the Court will not allow it to be amended at the hearing, by substituting the heir as the party complainant.

*Heard April 19th.    Decided July 11th.*

Appeal in Chancery from Washtenaw Circuit.

Complainant, as administrator of Richard Shear, filed his bill in Chancery to compel the specific performance, by defendant Dexter, of a contract by which he agreed to convey to one Waldo, certain lands in said county, which contract had been assigned to Shear in his life time. The heirs of Shear were not made parties, and complainant by his bill claimed to be entitled, as administrator, to the contract, and to the premises under it.

The court below dismissed the bill, and complainant appealed.

*L. Bishop,* for complainant, referred for authority for the administrator filing the bill, to *Comp. L.* § 3038. If, however, the heirs should be deemed necessary parties, he offered now to amend by making them such, which, he argued, might be done by consent of the court:—*Story Eq. Pl.* § 236 *and notes,* § 541 *and notes,* § 885; 2 *Barb. Ch. Pr.* 60, *note i*; 3 *Atk.* 370; 1 *Barb. Ch.* 206, 209, 215, 217. The amendment as to parties may even be allowed after appeal:—1 *Barb. Ch. Pr.* 217, 398.

*H. J. Beakes* and *A. D. Crane,* for defendants.

MANNING J.:

The objection that the heirs of Shear are not made parties, or that the bill should have been filed by them

is well taken. The bill is for the specific performance of a contract for the sale of lands by Dexter to one Waldo, who assigned the contract to Shear ; and is filed by complainant as administrator of Shear.

At law, a contract for the purchase of land gives the vendee no interest in the land; but the rule is otherwise in equity, which considers the vendor as to the land a trustee for the purchaser, and the vendee as to the money a trustee for the seller. The land in equity belongs to the vendee, and may be sold, devised or encumbered by him; and on his death it descends to his heirs, who take it subject to the rights of the vendor under the contract: *Wing v. McDowell, Wal. Ch.* 175, *and cases there cited.* The bill therefore should have been filed by the heirs of Shear, unless there is some statute authorizing it to be filed by the administrator.

But it is said the right of the administrator to file such a bill is given by the last section of chapter 100 of the Compiled Laws, (*Vol.* 2, *p.* 909, § 3038). The title of the chapter is, " Of the specific performance by executors and administrators of the contracts of deceased persons for the conveyance of real estate." The performance here mentioned is a performance by executors and administrators, and not a performance by the vendor. And the performance provided for in the body of the statute, is a performance by the executor or administrator of the vendor, when the proceeding is in the Probate Court, and by the heir, devisee, executor or administrator when it is in chancery.

The first section of the chapter provides that " When any person who is bound by a contract in writing to convey any real estate, shall die before making the conveyance, the Probate Court may make a decree authorizing and directing the executor or administrator to convey such real estate to the person entitled thereto, in all cases where such deceased person if living might be compelled to execute such conveyance."

The second, third, fourth, fifth and sixth sections relate exclusively to proceedings in the Probate Court in the case provided for by the first section.

The seventh section provides that "Whenever any person who is bound by a contract in writing to convey any real estate shall die before making the conveyance, the person entitled thereto may have a bill in the court of Chancery, to enforce a specific performance of the contract by his heirs, devisees, or the executor or administrator of the deceased party who made such contract."

The eighth and ninth sections relate to the proceedings provided for by the preceding section.

The tenth, eleventh and twelfth sections, which apply to both courts, declare the effect of the conveyance, and provide for the recording and enforcement of the decree.

Then comes the thirteenth or last section, on which complainant relies for his standing in court. It is as follows:

"Sec. 13. If the person to whom the conveyance was to be made shall die before the commencement of proceedings according to the provisions of this chapter, or before the conveyance is completed, any person who would have been entitled to the estate under him, as heir, devisee or otherwise, in case the conveyance had been made according to the terms of the contract, or the executor or administrator of such deceased person, for the benefit of the person so entitled, may commence such proceedings, or may prosecute the same if already commenced, and the conveyance shall thereupon be so made as to vest the estate in the same persons who would have been so entitled to it, or in the executor or administrator for their benefit."

This section must be understood and interpreted with reference to the preceding sections, with which it is so closely connected as to be meaningless without them. It was designed, and such is clearly its only effect, to extend the remedy given by the first and seventh sections to the

vendee or his assignee, after the death of the vendor, to the real and personal representatives of such vendee or assignee, in case of the death of such vendee or assignee after the decease of the vendor. The language of the section is, "If the person to whom the conveyance was to be made shall die," &c. What conveyance? A conveyance from the vendor? No, for no such conveyance is mentioned in the preceding sections; but the conveyance to be made in pursuance of proceedings under the first and seventh sections of the act. That this is the conveyance referred to, appears from the subsequent language, "shall die before the commencement of proceedings according to the provisions of this chapter." These last words recognize a right existing in the deceased vendee or assignee, at the time of his death, to institute proceedings under the statute. So does that part of the section authorizing the executor or administrator to commence "*such* proceedings." What proceedings? Proceedings under the first and seventh sections: "or to prosecute the same if already commenced." Commenced by whom? By the deceased in his life time, against the representatives of the vendor.

In the case before us, the bill is filed against Dexter, the vendor, and others, and not against Dexter's representatives. It is consequently not provided for by the statute, and to be sustained independent of the statute, should have been filed by the heirs of Shear.

Leave is asked to amend by making the heirs parties. Waiving the question of practice as to amendments after appeal, there is no omission or defect in the case stated in the bill to be supplied or remedied by amendment. No amendment can be made that will entitle complainant to relief. It would be a novel as well as dangerous practice, where A had filed a bill against B, and on the hearing it should appear C, instead of A, should have filed it, to permit A to strike out his own name as complainant and substitute C's in its place. Such a change would not be an

9 Mich.—R

amendment, but the substitution of a new suit for the old one. I know of no case in which the doctrine of amendments has been carried so far. See *Lyon v. Talmage,* 1 *Johns. Ch.* 184.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.