JESSE LAIRD

*v.*

SAMUEL K. ALLEN.

1. STATUTE OF FRAUDS—*performance to take case out of.* Possession taken of land by a purchaser under a verbal contract, the making of substantial improvements thereon and payment of the purchase money, will take the case out of the Statute of Frauds, and entitles the purchaser to a decree for specific performance.

2. DEFAULT—*admits material facts alleged.* Where a bill for specific performance is taken for confessed as to the original vendor, and it alleges that he is equitably bound to convey one-half of the land sold, the complainant having purchased a half interest from the original vendee, and paid his part of the purchase money, the vendor, by his default, admits the complainant's right to a conveyance, and can not be heard to object that the whole price has not been paid.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. STOKER & SON, for the appellant.

Mr. THOS. S. CASEY, Mr. C. H. PATTON, and Mr. S. L. DWIGHT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant entered into a contract with the executors of S. Williams, deceased, for the purchase of an eighty-acre tract of land for $1000. He was to pay for the same in annual installments. He, afterwards, sold one-half of the tract to appellee, who was to pay therefor one-half of the purchase money, as it should fall due, to the executors, and receive a deed therefor. He made such payments, not strictly as they fell due, but on extension of time given by the agent of the executors. Appellant, it seems, at one time directed the agent to convey the forty acres to appellee when he should pay for the same, but subsequently countermanded the order. Appellee tendered the cost of making a deed to him to the

agent, but he declined to make it, and thereupon he filed this bill, making appellant and the executors parties defendant.

Appellant answered the bill, but, failing to answer on their part, it was taken as confessed against the executors; and on a trial on the bill, answer, replication and proofs, the court below found for complainant, and decreed a specific performance, and that the forty purchased by appellee be conveyed to him by the executors.

The agreement between appellant and appellee was verbal, and never reduced to writing, but the latter was admitted to possession of the forty-acre tract thus contracted for, and he made some substantial improvements by clearing a portion and reducing it to cultivation. The default against the executors admits, and the evidence establishes the fact, that appellee had paid up the purchase money due on his forty-acre tract. This, according to a uniform course of decisions, takes the case out of the Statute of Frauds, and entitles appellee to a conveyance.

But it is urged that, notwithstanding these acts were performed, the executors had not relinquished their lien on the portion sold to appellee, for the payment of the balance of the purchase money for the whole eighty-acre tract. The answer to this is obvious. Appellee, in his bill, alleges that the executors are equitably bound to convey the forty-acre tract to him, and they admit it by their default to answer. They are not here complaining of the decree. They have not joined in the appeal, nor have they empowered appellant to urge any error in this record for them. It does not concern him whether his co-defendants relinquish their lien or not, on the remainder of the land; but, having permitted the bill to be taken as confessed, they could not urge the objection, even if they were here as appellants. Had they desired to preserve a lien on this forty-acre tract, they would, no doubt, have answered, setting up their lien.

The evidence shows that appellant directed Williams, the agent of the vendors, to make a deed to appellee when he should pay the purchase money on his half of the tract—not

that he should convey when he paid on that half, and a certain amount on the other half. This, we think, sheds volumes of light on the question. If that was not the agreement, he surely would never have given such directions; nor does the fact that he subsequently countermanded the order militate against the inference. Before he forbid the conveyance, he and appellee had differed about the application of funds arising from the sale of some corn by appellant to appellee, the former contending that they were to be applied on his part of the land purchase, and the latter that a portion had been so applied, and the balance paid to appellant as for his use. We infer that this dispute led to the countermanding of the direction for the conveyance, and we are also of opinion their dispute about that transaction in nowise impairs or affects appellee's right to have the contract specifically enforced.

We think the evidence shows a clear ground for equitable relief, and that the court below did right in decreeing the relief sought, and the decree must be affirmed.

*Decree affirmed.*