HUNT V. HAYT.

1. The defense of the statute of limitations may not be raised upon the general allegation that the complaint does not state facts sufficient to constitute a cause of action. Such defense is in the nature of a special privilege and must be pleaded specially, whether the pleading be by demurrer or answer.

2. Where it does not appear, upon the face of the complaint, that a proposition to convey land was not in writing, the objection should be raised by answer.

3. Part performance of a parol agreement, for the conveyance of land, is sufficient to authorize courts of equity to compel specific performance of the agreement.

4. The most important acts, which constitute a sufficient part performance to authorize courts of equity to decree specific performance, are actual possession and the making of permanent and valuable improvements.

5. Such equitable interest may be assigned by the vendee, or party who stands in an analogous position, and the assignee may maintain an action to compel a specific performance of the contract.

6. It is not error to require payment of the penalty adjudged upon overruling a demurrer, under section 57 of the code.

*Appeal from District Court, Huerfano County.*

THE complaint alleges that on or about July 9, 1878, the defendant was the owner of a body of unimproved and unoccupied land near to and adjoining the town of Alamosa, in Conejos county; that he was anxious to make said land valuable, and bring it into market for speedy sales, and to that end proposed to one A. C. Rupe that if he would cause to be built a good house and other surrounding improvements on a certain definitely described portion and parcel of said land, he would deed the said portion and parcel of said land to Wilhelmine F. Rupe, the wife of said A. C. Rupe; that said A. C. Rupe and Wilhelmine F. Rupe, relying upon the promises of the defendant, caused to be built upon said described premises a large and comfortable dwelling-house, a stable and suitable out-houses, and expended in the improvements of said premises the sum of $6,500; that defendant on

the 9th day of July, 1878, made, executed and delivered to said Wilhelmine F. Rupe a warranty deed to certain definitely described premises; that at the time said deed was so made, executed and delivered, the defendant and the said A. C. Rupe, and the said Wilhelmine F. Rupe, each supposed that it fully and perfectly described the premises upon which said improvements had been made, and that it conveyed the title to the premises so improved that said premises were occupied and possessed by said A. C. Rupe, his wife and family, from July, 1878, until the same were delivered by them to the plaintiff; that in August, 1882, it was discovered by said A. C. Rupe and his wife that said deed made by defendant to said Wilhelmine F. Rupe did not describe and include all of the said premises upon which the said improvements were placed, and they demanded of said defendant a deed for all the ground so occupied and improved by them, which deed the defendant refused to make; that thereupon the said A. C. Rupe and the said Wilhelmine F. Rupe threatened to move their said houses and all their said improvements off said premises, and that defendant fearing that they would do so, and believing that if said house and improvements were taken away it would injure the sale of the balance of his said property, went to one Charles D. Hayt, the husband of the plaintiff, who was acting as the agent and attorney of the said Wilhelmine F. Rupe, and said to him that he would not make a deed of the premises to the said A. C. Rupe or to Wilhelmine F. Rupe; that he did not want the house removed away, for it would injure the balance of his land, and if the said Hayt or any of his friends would buy Rupe out he would make a good title to the premises to the purchaser; that plaintiff, relying upon the said promises of the defendant, on September 1, 1882, through her said husband, Charles D. Hayt, acting as her agent, purchased said premises of the said Wilhelmine F. Rupe, and entered into the immediate

possession and occupancy thereof; that plaintiff paid for said premises the sum of $2,000, and has spent in improving the same the sum of $700, and that plaintiff and her family have occupied said premises from the said September 1, 1882, and are still occupying the same; that on the 11th day of April, 1883, the plaintiff received a quitclaim deed from said ˚A. C. Rupe and Wilhelmine F. Rupe for all their interest in said premises; that plaintiff and her grantors have paid all the taxes and assessments assessed against said premises for the years 1879, 1880, 1881, 1882 and 1883; that plaintiff has requested defendant to make her a deed to said premises, and perfect her title thereto, and that he has refused and still refuses so to do.

Prays judgment: (1) That the absolute title to the said premises be adjudged and decreed to be in plaintiff. (2) That defendant be decreed to make to the plaintiff a good and sufficient deed to said premises by a short day to be fixed by the court. (3) For general relief.

Defendant demurred to the complaint upon the following grounds: (1) That said complaint does not state facts sufficient to constitute a cause of action. (2) That said complaint is ambiguous, unintelligible and uncertain. Demurrer overruled, and $5 costs taxed against defendant on account of said demurrer. Defendant elected to stand upon his demurrer.

Upon a hearing of the cause, decree entered that plaintiff is entitled to have a title from defendant for the said premises, and that defendant, within sixty days from the date of said decree, convey by a sufficient deed of conveyance. all his right, title and interest in and to the premises first definitely described and set out in said complaint. Defendant duly excepted to all the rulings of the court, and to the entry of the decree.

Mr. L. B. France, for appellant.

Messrs. Blackburn and Dale, for appellee.

RISING, C. The errors assigned are based upon the ruling of the court on the demurrer, and upon the action of the court in imposing costs upon the defendant upon overruling his demurrer.

The argument of counsel for appellant, upon the first ground of the demurrer, is that the statement of facts in the complaint shows the alleged contract to be within the statute of frauds, and that the action was not brought within the time limited by statute, and that each of these objections is fatal on demurrer, upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The objection that the action is barred by the statute is not raised by the demurrer. This defense is in the nature of a special privilege, and must be pleaded specially, whether the pleading be by demurrer or answer. *Hexter v. Clifford*, 5 Colo. 168–173.

It does not appear upon the face of the complaint that the proposition made by Hunt to Rupe was not in writing, and, therefore, as to the allegations relating to the transactions between Hunt and A. C. Rupe and Wilhelmine F. Rupe, the complaint is sufficient. The question should have been raised by answer, if raised at all. *Tucker v. Edwards*, 7 Colo. 209; Bliss, Code Pl. 312, and cases cited. But, even if it appeared upon the face of the complaint that the proposition was not in writing, then the averments of the complaint relating to the transaction between Hunt and Wilhelmine F. Rupe, showing an acceptance of and compliance with the terms of the proposition made by Hunt to her, are sufficient to bring the case within the provisions of section 1519 of the General Statutes, which provides that "nothing contained in chapter 43 of 'Frauds and Perjuries' shall be construed to abridge the powers of courts of equity to compel the specific performance of agreements, in cases of part performance of such agreements." The complaint alleges, not only a part performance, but a full and complete performance, by Wilhelmine F. Rupe, of all the conditions the perform-

ance of which was required of her by the proposition made by Hunt, to entitle her to a deed to the premises so improved by her, and also shows an attempted performance of said agreement on the part of said Hunt. Such performance of a parol agreement for the conveyance of land is sufficient to authorize courts of equity to compel specific performance of the agreement.

The most important acts which constitute a sufficient part performance to authorize courts of equity to decree specific performance are actual possession, and the making of permanent and valuable improvements. Pom. Eq. Jur. § 1409; Story, Eq. Jur. § 761; *Davenport v. Mason*, 15 Mass. 92; *Freeman v. Freeman*, 43 N. Y. 34; *Laird v. Allen*, 82 Ill. 43; *Jamison v. Dimock*, 95 Pa. St. 52; *Lamb v. Hinman*, 46 Mich. 112; 6 N. W. Rep. 675, and 8 N. W. Rep. 709; *Littlefield v. Littlefield*, 51 Wis. 25; 7 N. W. Rep. 773. By virtue of the possession taken of the premises, and the improvements placed thereon by Wilhelmine F. Rupe under the proposition made by Hunt, and in performance of the conditions contained in said proposition, Mrs. Rupe became the equitable owner of said premises. Pom. Eq. Jur. § 368.

Such equitable interest may be assigned by the vendee or party who stands in the position analogous to that of the vendee, and the assignee may maintain an action to compel a specific performance of the contract. Pom. Spec. Perf. § 487; Wat. Spec. Perf. § 68; *House v. Dexter*, 9 Mich. 246. The quitclaim deed from Mrs. Rupe to the plaintiff conveyed by assignment the equitable right of Mrs. Rupe in the premises, and all her rights under the contract with Hunt. *Miller v. Whittier*, 32 Me. 203; *Currier v. Howard*, 14 Gray, 511; *Bradbury v. Davis*, 5 Colo. 265, 269; *Fitzhugh v. Smith*, 62 Ill. 486. In the case last cited it held that the effect of a deed is made to depend rather upon the intention of the parties than upon the form of the deed.

It must be assumed upon this appeal that the allega-

tions of the complaint necessary to authorize the decree entered were sustained by proofs upon the hearing. The complaint alleges an agreement by Hunt to convey to Wilhelmine F. Rupe certain definitely described premises, upon condition that she make certain improvements on said premises; alleges the full and complete performance of such condition by Mrs. Rupe; alleges that Mrs. Rupe conveyed all her interest in said premises to the plaintiff before the bringing of this action; alleges that defendant has not conveyed said premises to Mrs. Rupe, nor to the plaintiff, although requested so to do by Mrs. Rupe before her conveyance to the plaintiff, and by the plaintiff since such conveyance to her. These allegations constitute a cause of action against the defendant, and are sufficient to sustain the decree entered.

From a careful examination of the complaint, we come to the conclusion that the second ground of demurrer is not well taken. *Gilpin Co. v. Drake*, 8 Colo. 586, 591.

The objection to the action of the court in imposing $5 costs against defendant upon overruling his demurrer is not well taken. The payment of this sum by defendant was adjudged under the provisions of section 57 of the code. The validity of the statute authorizing this action of the court is questioned by counsel for appellant. The validity of the statute was sustained in *Chivington v. Colorado Springs Co.* 9 Colo. 597.

The judgment should be affirmed.

We concur: MACON, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*