[No. 2026.]

## BALDWIN ET AL. V. THE CENTRAL SAVINGS BANK.

**1. Contracts—Settlement by New Contracts—Evidence.**

Where a contract was settled and supplanted by a new contract, all questions as to the validity of the old contract were adjusted by the settlement, and in an action upon the new contract, evidence tending to impeach the validity of the old contract was inadmissible in defense in the absence of proof of fraud or mistake in the settlement.

**2. Same.**

Where one party to a contract assigned all her interest therein to a bank for the purpose of securing a debt owed by her to the bank, and the bank and the other party to the contract entered into a new contract in settlement of the old one, in an action by the bank upon the new contract, evidence of a conversation between plaintiff's cashier and defendant relating to the debt owed by the assignor to the bank was properly excluded in the absence of a showing of its materiality.

**3. Principal and Agent—Evidence—Declarations of Agent.**

The declarations of an agent are not admissible in evidence against his principal unless made with reference to business in which he is authorized to act, and at the time of its transaction.

**4. Practice—Instructions—Mathematical Computation.**

Where the amount of recovery, if any, is merely a matter of mathematical computation, it is not error for the court to make the computation and instruct the jury, if they find for plaintiff, they should estimate the damage at a specified sum.

**5. Measure of Damage—Bills and Notes—Presumption.**

In an action for damage for breach of contract by failure to deliver certain securities, where the securities consisted of se-

cured promissory notes, the presumption is that the securities are worth their face value.

**6. Instructions—Measure of Damage.**

Where the court had already instructed the jury that if they found for plaintiff they should estimate the damage at a specified sum, an instruction requested upon the measure of damage was properly refused.

**7. Instructions.**

It is not error to refuse to give instructions requested if they are substantially given in other instructions.

**8. Tender.**

In an action for damage for breach of contract in failing to deliver certain securities where the complaint alleged a demand of the securities and an offer to pay the agreed price and a refusal by defendant to deliver the securities on the ground of the invalidity of the contract and defendant's answer admitted the demand and offer to pay but denied any agreement of any kind with plaintiff, a tender by plaintiff of the amount agreed to be paid for the securities was not necessary to sustain plaintiff's action.

**9. Statute of Frauds—Pleading.**

In an action for damage for breach of contract, where the complaint fails to disclose whether or not the contract is in writing, if the defendant desires to avail himself of the statute of frauds, he must specially plead it.

*Appeal from the District Court of Arapahoe County.*

Messrs. CARPENTER & McBIRD and Mr. WILLIS B. HERR, for appellants.

Mr. A. J. RISING, for appellee.

THOMSON, J.

The complaint of the appellee alleged that the appellants were copartners, doing business under the firm name of The Wabash Cattle Company; that on the 27th day of June, 1897, the defendants delivered to Mrs. M. J. Mills, at or near the city of Denver, 392 cattle, under an agreement between them and Mrs. Mills that the latter should drive the cattle into the county of Grand, and turn them upon the range in that county, and that, in the fall of 1897, and at the

time of marketing certain cattle described in a chattel mortgage theretofore given by Mrs. Mills to the defendants, she should have the privilege of buying the cattle first mentioned at the price of twenty dollars per head, of which five dollars should be paid in cash, and the residue in a note secured by a chattel mortgage on the cattle, or if Mrs. Mills should decline that privilege, and the cattle should be sold to other persons for cash, then she should receive the excess realized for the cattle over twenty dollars per head, but if the sale to such other persons should be on time, then she should receive, in cash, one-half of such excess; that she fully performed her agreement; that on the 6th day of November, 1897, the defendants sold 369 of the cattle, on time, for $9,257.87; that Mrs. Mills was then indebted to the plaintiff in the sum of $3,169.30 on a promissory note made by her; that on the 22d day of November, 1897, for the purpose of securing the payment of that note, she assigned to the plaintiff all her interest in her agreement with the defendants, and the profits accruing to her from the agreement; that on the 23d day of November, 1897, the plaintiff notified the defendants of the assignment, and about the same time, for the purpose of a settlement of Mrs. Mills' claim under the agreement, proposed to them that they should deliver to it the notes and securities taken by them in payment for the cattle, and that it would pay them for those notes and securities the aggregate sum to which twenty dollars per head for the cattle would amount, which offer was then accepted by them; that they were not then in possession of such notes and securities, but that afterwards, when they had come into such possession, the plaintiff demanded of the defendants, and they refused, the performance of their agreement with it, the reason given for the refusal being that the contract with Mrs. Mills was invalid.

The answer of the defendants admitted the sale of the cattle as alleged in the complaint; the offer of the plaintiff to pay them twenty dollars per head for the cattle; its demand on them for the securities, and their refusal to receive the money or deliver the securities; and admitted by not denying that the reason for their refusal was that the contract with Mills was invalid. All the other allegations of the complaint were denied.

At the trial the plaintiff proved the assignment, and produced testimony that on the 24th day of November, 1897, there was a meeting between Willis M. Marshall, cashier of the plaintiff, and C. O. Howe, one of the defendants, at which an agreement was reached between Marshall and Howe that in settlement of the claim of Mrs. Mills, the bank would carry out the contract of Mrs. Mills so as to make the sale a sale for cash, and would pay the defendants a sum, in cash, equal to twenty dollars per head for the cattle, and the defendants should turn over to the plaintiff the notes and securities they had received for the cattle, the notes to be assigned without recourse. This testimony was contradicted by the witnesses for the defendants. The verdict was for the plaintiff, and if the evidence was properly submitted to the jury, and there was no prejudicial error at the trial, their opinion upon the facts concludes us.

A number of offers were made by the defendants to prove that the contract between Mrs. Mills and them was different from that alleged by the plaintiff, and that at the time of the assignment to the plaintiff, the defendants owed her nothing; but the court refused to receive the evidence. It is urged that the refusal was error. The suit was upon the alleged agreement between the plaintiff and the defendants, and not upon that between Mrs. Mills and the defendants. Her claim under the latter agreement had

been assigned to the plaintiff; as assignee, the plaintiff approached the defendants for a settlement of that claim; the defendants accepted the plaintiff's proposition, and agreed, in consideration of its promise to pay them a certain sum of money, to turn over to it certain notes and securities; they afterwards refused to perform their agreement. The contract between Mrs. Mills and the defendants was supplanted and satisfied by a new contract between the plaintiff and the defendants; the terms and conditions of the first contract were set forth in the complaint, not for the purpose of a recovery upon that contract, but for the purpose of description, so as to show what contract it was that was assigned to the plaintiff and afterwards displaced by the new agreement. By the settlement they recognized the claim under the agreement with Mrs. Mills as valid and subsisting, and the settlement can not be impeached, except by proof of fraud or mistake. All questions concerning the validity and terms of the contract with Mrs. Mills, were adjusted by the parties when they made their settlement. The purpose of this suit is to enforce that settlement. No proof was offered that it was accomplished without a full knowledge, on the part of the defendants, of all the facts, or that they were influenced by any unfair practices of the plaintiff; and the evidence, by which it was sought to go behind the settlement and open up questions which the parties themselves had adjusted, was properly rejected.

The defendants complain that the court refused to receive, in evidence, a conversation between Mr. Marshall, the plaintiff's cashier, and Mr. Howe, some time in November, which, it was asserted, related to the debt owing to the plaintiff by Mrs. Mills. This was not the conversation, or part of the conversation, which resulted in the agreement between the plaintiff and the defendants. What time in November it

took place, does not appear. But inferentially it occurred before the assignment by Mrs. Mills to the plaintiff. If so, the plaintiff was not then the owner of her claim; and in what respect the conversation was material or relevant, or could be made material or relevant, to the issue, we are unable to conjecture. If it occurred after the agreement between the plaintiff and the defendants was concluded, it was certainly inadmissible. The transaction in which the cashier represented the bank being closed, the latter was not bound by his utterances. The declarations or acts of an agent are not admissible against his principal, unless they are made with reference to business in which he is authorized to act, and at the time of its transaction.—Greenleaf on Evidence, § 131; Wharton on Agency, § 162; *Tootle v. Cook,* 4 Colo. App. 111.

There was nothing in the question propounded to indicate that the answer would, or might, be relevant or material, and as counsel made no statement of what he proposed to prove, and offered no explanation from which it could appear that the evidence might become material, its exclusion was not error.—*Farwell Co. v. McGraw,* 13 Colo. App. 467.

The court instructed the jury that if they should find for the plaintiff, they should estimate its damages at $1,877.87. Counsel say that the amount of recovery was for the determination of the jury, and that it was error to take the question from them. The answer admitted the sale of 369 head of cattle for $9,257.87. A verdict for the plaintiff meant that the plaintiff was entitled to the difference between this sum of $9,257.87 and $7,380.00, the price of the cattle at twenty dollars per head. What that difference was, was mere matter of computation, and was not a question for the jury at all. It was exactly $1,877.87, and the court properly so told the jury.

Of the remaining instructions, the objection to

one is that it said to the jury that allegations of the complaint were admitted by the answer which that pleading denied. Such was not the fact. Nothing which was not explicitly admitted, was stated in the instruction to have been admitted. The same objection is made to the other, and is equally foundationless. To the latter, however, an additional objection is made that it assumed that the contract between the plaintiff and the defendants was not within the statute of frauds. The defendants offered an instruction, which was refused, that the agreement was within the statute of frauds. The argument on both sides deals largely with the question whether the agreement was obnoxious to that statute; and, after disposing of some other matters, we shall address ourselves to that question.

The defendants asked an instruction that if the plaintiff was entitled to a recovery, the measure of his damages was the difference between the value of the securities to be delivered, and the price of the cattle at twenty dollars per head. Upon the facts, the presumption is that the securities were worth their face.—*Fenton v. Perkins,* 3 Mo. 23; *Davies v. Stevenson,* 59 Kan. 648; *Thayer v. Manley,* 73 N. Y. 305; see also *Hallack L. & M. Co. v. Gray,* 19 Colo. 149.

If the instruction had so stated, it would have been unassailable; but it also would have been unnecessary, because the court had already, by computation, ascertained the exact difference between the face value of the securities and the price of the cattle, and directed the jury, if they should find for the plaintiff, to estimate his damages at the sum so ascertained. The remaining request was properly denied, because it was substantially embraced in another instruction.

It is contended that a tender by the plaintiff of the amount he had agreed to pay the defendants was

necessary to enable him to maintain his action. The complaint alleged that the plaintiff demanded the securities from the defendants, and offered to pay them the money to which the cattle, at twenty dollars per head, would amount, but they refused to comply with the demand, declaring that the contract with Mills was invalid, and they would refuse to recognize any of its stipulations. The answer expressly admitted the demand, the offer to pay, and the refusal to comply with the demand; but it denied any agreement of any kind with the plaintiff. The defendants are hardly in a position to object that there was no tender; and upon the admitted facts, a tender would have been useless. It certainly was unnecessary.— *Smith v. Lewis,* 26 Conn. 109.

Whether the agreement between the plaintiff and the defendants should have been in writing or not, is a question of which no decision is now necessary. The evidence was suffered to go to the jury without objection, and, ordinarily, where one party acquiesces in the introduction by the other of his evidence, he will not be afterwards heard to complain of the result. But for another reason the question whether the agreement was in writing, can not be raised by the defendants. As it did not appear from the complaint whether the agreement was in writing or not, it was incumbent upon the defendants, if they desired to avail themselves of the statute, to specially plead it. Such is the rule here, whatever may be the practice elsewhere.—*Hunt v. Hayt,* 10 Colo. 278; *Tynon v. Despain,* 22 Colo. 240.

It was not pleaded, and it would have been gross error to give the instruction which the defendants requested respecting the statute, or to sustain any of their objections, in whatever form made, based upon the statute.

Let the judgment be affirmed.        *Affirmed.*