## WOOD *v.* SCHOOLCRAFT.

1. TRUSTS—VOLUNTARY CONVEYANCES—LIABILITY OF TRUSTEE.

   Where complainant and defendant owned land in common, and complainant, for convenience, quitclaimed his interest to defendant, who contracted for the sale of the same to a third person and assigned the contract to a creditor of complainant, and the creditor assigned it to the complainant, defendant held the legal title of complainant's interest in trust for the benefit of the third person and for the security of complainant for the purchase price, and it was a breach of trust to sell or mortgage the land and appropriate the proceeds to his own purposes, and thereby destroy the security for the purchase price.

2. SAME—MANAGEMENT OF TRUST PROPERTY.

   Complainant and defendant owned land in common, and complainant, for convenience, quitclaimed his interest to defendant, who contracted to sell it to a third person. Defendant and the third person platted the property, built houses thereon, mortgaged it, and sold portions of it. *Held,* that defendant as trustee for complainant had no right to subject complainant to the dangers of such speculation by selling or pledging the property, and such transactions could not be the subject of an accounting against complainant in a suit by him for the purchase price.

3. VENDOR AND PURCHASER — VENDOR'S LIEN — ENFORCEMENT — PARTIES.

   Complainant, a tenant in common, having conveyed, without consideration and for convenience, his interest to his co-tenant, who contracted to sell it to a third person, is entitled to sue in equity to enforce his security for the purchase price against the third person, and his co-tenant, holding the legal title to some of the property, is a necessary party.

4. SAME—AMOUNT OF RECOVERY.

   Where a tenant in common conveyed, without consideration and for convenience, his interest to his co-tenant, who contracted to sell it to a third person, and the lien of the tenant for the purchase price was lost through the conduct of the co-tenant, a decree against the purchaser and the co-tenant for the amount due on the contract of sale, being the only redress that circumstances permit, is not improper.

Appeal from St. Clair; Law, J. Submitted May 2, 1906. (Docket No. 91.) Decided September 20, 1906.

Bill by Sheldon A. Wood against Eugene J. Schoolcraft and William L. Jenks for an accounting. From a decree for complainant, defendant Jenks appeals. Affirmed.

*C. K. Dodge* and *Stevens, Graham & Stevens,* for complainant.

*P. H. Phillips (J. B. McIlwain,* of counsel), for appellant.

HOOKER, J. Jenks and Farrand owned certain premises in common; each owning an undivided half. At Jenks' solicitation Wood, the complainant, purchased Farrand's interest for $400, taking it subject to a mortgage of which he paid one-half. On June 30, 1890, Wood quitclaimed his interest to Jenks; no consideration being paid. He claims that this was done for convenience in platting the premises, which was done, and for which, with taxes, etc., complainant has paid $448. He has paid one-half of the taxes assessed, interest, and other expenses since, up to the time Schoolcraft purchased his interest. On February 2, 1894, defendant Jenks made a contract of sale of a half interest in the property, to Schoolcraft, being the interest of complainant. Jenks assigned his interest in this contract to Butterfield, a creditor of the complainant, and Butterfield has since assigned it to complainant. As subsequently replatted, the property was divided into 12 lots. Wood visited Port Huron occasionally, and learned that houses were being erected on the property and supposed that they were being built by Jenks and Schoolcraft, and, believing his security was ample, did not press payment. September 7, 1899, complainant received a letter from Jenks, stating that all of the property had been sold except two lots, and it developed later these were mortgaged by Jenks for nearly their full value.

Failing to get a settlement, Wood filed the bill in this cause for an accounting. Schoolcraft was defaulted. Jenks answered, and a decree was given complainant for the amount due on the contract, against both defendants. Jenks has appealed.

The only question is whether, under the facts shown, Jenks is liable for the amount due upon the contract, with Schoolcraft. It appears that Jenks has disposed of the land in such a way that the contract cannot be enforced against it. Whether a trust subsisted, by reason of the relation of the parties prior to the contract with Schoolcraft, we need not inquire. Jenks sold his land to Schoolcraft. He became, in equity, thereby, the holder of the legal title in trust for Schoolcraft, when he should perform his contract and as security for such performance. *Wing* v. *McDowell*, Walk. Ch. (Mich.) 175; *President, etc., of Michigan State Bank* v. *Hastings*, 1 Doug. (Mich.) 225; *House* v. *Dexter*, 9 Mich. 246; *Fitzhugh* v. *Maxwell*, 34 Mich. 138; *Walker* v. *Casgrain*, 101 Mich. 608; *Bowen* v. *Lansing*, 129 Mich. 119 (57 L. R. A. 643); *City of Marquette* v. *Land Co.*, 132 Mich. 132.

Recognizing that Wood, the complainant, was the real vendor, he assigned his interest in the contract to his creditor, who in turn assigned to Wood. Had this been done by deeds, the legal title would have been revested in Wood, subject to Schoolcraft's contract rights. But it was not, and the effect of the assignment was in equity to leave in Jenks a legal title in trust, (1) for the benefit of the purchaser Schoolcraft, (2) for the security of Wood for the contract price, which claim Jenks assigned. It was a breach of trust for Jenks to sell and mortgage the land and appropriate the proceeds to his own purposes, and those of Schoolcraft, a misapplication of the trust fund, and he was liable for such act if the security was lost by reason thereof. It is contended that the security was lost through shrinkage in values. The proof shows a replatting of the property by Jenks and Schoolcraft, the building of houses thereon and mortgaging the land, and sell-

ing portions of it.   He had no right to subject the complainant to the dangers of these speculations by selling or pledging his property therefor, and such transactions are not the subject of an accounting against complainant.

We are of the opinion that complainant might sue in equity to enforce his security against Schoolcraft, and that Jenks, holding the legal title to some of the property, was a proper and necessary party.   The decree was rendered on the theory that complainant's lien had been lost to him through the conduct of Jenks, and that the amount due him on the contract was the measure of his right against Schoolcraft and the.. measure of his damages against Jenks, the only redress that the circumstances permit.

This was a just decree, and is affirmed, with costs.

McALVAY, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.