## TUCKER, EXECUTRIX, v. EDWARDS.

1. The statute of frauds has changed the rule of evidence, not the rule of pleading. A plea which set forth a contract for the conveyance of real estate is good on demurrer, though it does not aver that the contract was in writing — it not appearing in the plea that it was *not* in writing.
2. Under the old practice, while the parts of each plea could not be repugnant to each other, still separate special pleas might be inconsistent, yet not render the pleadings obnoxious to demurrer.
3. The failure to make the accord a full satisfaction, being the fault of plaintiff, defendant was not, in this case, precluded from the benefit of this defense.
4. A defendant does not waive his objection to the ruling on demurrer to his plea of accord and satisfaction by going to trial on the plea of *nul tiel* record.

*Error to County Court of Jefferson County.*

THE case is stated in the opinion.

Messrs. WELLS, SMITH and MACON, for plaintiff in error.

Messrs. MARKHAM, H. C. DILLON and Mr. NORTHUP, for defendant in error.

HELM, J.    Upon a careful examination of the record before us, we conclude that there is but one error of sufficient importance to justify a reversal.

This is a proceeding by *scire facias*, under the old practice, to revive a judgment.    After considerable preliminary skirmishing, defendant below filed four special pleas in bar of the action, viz.: First, *nul tiel* record; second, *actio non accrevit*, three years; third, *idem*, seven years; and fourth, accord and satisfaction.    That plaintiff agreed with defendant, that if defendant would journey with him from Boulder to Gilpin county, and pay all the expenses of both during the journey, and, at plaintiff's election, either convey to him, by quitclaim deed, a certain property right which defendant then had in and to a certain parcel of the public domain, or, in lieu of such conveyance, pay him $100 in cash, he would receive such conveyance or money, together with the other acts and expenditures specified, in full satisfaction of the judgment, to revive which this proceeding is now instituted, and also satisfaction of the costs connected therewith.    That afterwards said journey was made at defendant's expense, in accordance with the terms of the contract, and that defendant "was, then and there, willing and ready, and ever since hath been, and now is ready and willing to convey to said plaintiff, by deed of quitclaim, the said property right, or to pay him $100," as he, the said plaintiff, should elect.

To the first of said pleas a replication was filed; to the

second, third and fourth, a demurrer was interposed. This demurrer the court sustained, and the cause was then tried upon the issue of *nul tiel* record.

The fourth plea stated a good defense, and the demurrer thereto should have been overruled. We may suppose, with counsel for defendant in error, that the contract therein stated provided for the transfer of an interest in lands; yet it was not necessary to aver that the same was in writing. There is nothing in the plea to show that it was *not* written, and therefore no demurrer would lie upon this ground. The statute of frauds has changed the rule of evidence, not the rule of pleading. Gould's Pleading, ch. 4, § 43, and cases.

But counsel argue that the ruling of the court was proper, because the pleas were inconsistent. The pleadings in this case must be tested by the rules relating to the subject, as they existed with us prior to 1877. Section 14, p. 504, Revised Statutes of 1868, would seem to answer counsel's objection. It permits the defendant to plead " as many matters of fact, in several pleas, as he may deem necessary for his defense." A similiar statute was construed in Illinois to allow the filing of pleas which are inconsistent with each other. *Farnan v. Childs*, 66 Ill. 547. See, also, *People ex rel. Crawford v. Lathrop*, 3 Col. 448, interpreting a like code provision, and *Peters v. Ulmer*, 75 Pa. St. 403.

Under the procedure existing when this suit was brought and determined, the parts of each plea could not be repugnant to each other, but separate special pleas might be inconsistent, and yet not render the pleadings obnoxious to demurrer.

By the terms of the contract averred in the plea under consideration, plaintiff was given an option; he was to have the privilege of electing between the conveyance of the property interest, and $100 in cash. He has never made this election, and the averment by defendant of his constant readiness to do either is sufficient. It cannot be

said that he must make an actual, technical tender of either the deed or the money, at least until plaintiff indicates his choice.   See 1 Chitty's Pl. (16th ed.) *336.

The failure to make the accord a full satisfaction, being the fault of the plaintiff, defendant was not precluded from the benefit of this defense.   See *Cary v. McIntyre,* decided at the present term.

Plaintiff in error did not waive his objection to the ruling upon this demurrer, as counsel contend.   The plea of *nul tiel* record, and that of accord and satisfaction, present entirely dissimilar issues.  The former denies the existence of the original judgment as pleaded; the latter admits its existence and avers satisfaction thereof.

Had defendant amended the latter plea and gone to trial thereon, this assignment of error would not now be considered; but trying the issue made by the former was no waiver of his objection to the court's ruling against the latter.

For error in sustaining the demurrer to defendant's fourth plea the judgment must be reversed.

*Reversed.*