### GARBANATI v. FASSBINDER.

1. SALE OF LAND — FRAUD OF VENDOR.— No mere oral representation, made at the time of executing a contract for the sale of land, as to the quantity of land to be conveyed, unless of such a character as to amount to a fraud, is competent evidence to charge the vendor with liability, even if the land actually conveyed does not contain the full quantity orally represented.

2. STATUTE OF FRAUDS.— The statute of frauds furnishes a rule of evidence, but not of pleading.

*Error to District Court of La Plata County.*

IN May, 1881, the parties to this action entered into a written contract, whereby Fassbinder agreed to sell and convey to Garbanati "lots Nos. 20 and 21, in block No. 6, in the town of North Durango, in La Plata county, state of Colorado, as surveyed, staked and platted by C. M. Perin, civil engineer," etc. The lots thus described fronted on a street called "Grand Avenue." At the time of executing the written contract there was no street or alley in the rear of the lots. They abutted in the rear upon other lands belonging to Fassbinder.

After the execution of the contract certain negotiations were had between the parties for the opening of an alley.

or narrow street in the rear of the lots. There is some conflict of evidence as to the result of these negotiations. But as a matter of fact Fassbinder did thereafter open a new street, called "Mesa Street," to the rear of these lots, giving a portion from his own land, and taking a portion from the rear of the lots sold to Garbanati, making the new street forty feet in width. He also opened a cross street through block 6, connecting Mesa street with Grand avenue. Thus block 6 was divided, and the part in which Garbanati's lots were situated was called "Block 26," and his lots were numbered 4 and 5, respectively. A map was also filed in the office of the recorder of La Plata county, showing the new streets and new numberings; and in November, 1885, Fassbinder executed and delivered to Garbanati a warranty deed for "lots numbered four (4) and five (5), in block numbered 26, in the town of North Durango, as per map duly filed in the recorder's office," etc.

It is conceded that the lots described in the deed, though differently numbered, are identically the same as those described in the contract except as they have been shortened by the opening of the new street.

The plaintiff, Garbanati, by his complaint, claims to recover damages upon the ground that the defendant, Fassbinder, at the time of selling the lots represented them to be each of the size of fifty feet front by two hundred feet deep, and that defendant did not convey to him the whole of the lots contracted for; that is, he complains that he did not acquire by the deed the full quantity of land called for by the contract and by the representations made at the time of executing the contract. He makes no complaint of the change of the numbering of the lots, or of the opening of the streets, except as the size of his lots has been thereby diminished.

To this complaint the defendant, Fassbinder, made defense, inter alia, to the effect that, subsequent to the execution of the written contract to convey, plaintiff agreed with defendant to the opening of the street in the rear of his lots,

and to the taking of twenty feet off the rear end thereof for the purpose of said street, in consideration that defendant would give a like quantity of his land for said street; that the lots were accordingly so replatted, and the street so opened, at great expense by defendant; that the survey and plat by which the contract was entered into showed the lots to be each fifty feet front by one hundred and eighty feet deep, and that the map by which they were deeded showed them to be each fifty feet front by one hundred and sixty feet deep; and so the deed was executed and delivered in pursuance of the subsequent agreement.

The plaintiff's reply, *inter alia*, denies that he agreed to give a portion of his lots for the street. The trial resulted in a verdict and judgment for the defendant. The plaintiff brings the case to this court by writ of error.

Mr. HENRY GARBANATI, *pro se.*

Messrs. RUSSELL & McCLOSKEY, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

From the record before us it does not appear that any objection was made in the district court to the sufficiency of the pleadings by demurrer or otherwise; nor is any such objection interposed in this court. The assignments of error relate to the evidence and instructions of the court. The bill of exceptions is evidently imperfect. It does not purport to contain all the evidence, either oral or documentary. No errors in relation to the admission or exclusion of testimony appear in the record.

Neither the written contract to convey nor the deed of warranty states the length or breadth of the lots, nor the quantity of land they contain. The contract describes the lots with reference to a particular survey, stakes and platting; the deed describes them with reference to a particular map. No mere oral representation which may have been made at the time of executing either of the writings, as to

the size of the lots, unless of such a character as to amount to a fraud, was competent evidence to charge defendant with liability in the action, even if the lots actually conveyed did not contain the full amount of land orally represented; and, in the absence of fraud, the purchaser, as well as the seller, was bound by the description referred to in the written contract, except as the same may have been changed by the subsequent agreement as alleged. 1 Greenl. Ev. § 275; 3 Washb. Real Prop. p. 401 *et seq.; Cabot v. Christie,* 42 Vt. 121; *Canal Co. v. Emmett,* 9 Paige, 168.

By certain requests to instruct the jury the plaintiff sought to present the question whether defendant could prove the agreement averred in his answer in reference to taking a portion of plaintiff's lots for the street by evidence not in writing. The answer does not and need not disclose whether the alleged agreement was in writing or by parol. It is unnecessary, therefore, to determine whether or not the statute of frauds is applicable to the alleged agreement in this case; for the statute furnishes a rule of evidence, not of pleading, and the record does not purport to contain all the evidence. *Tucker v. Edwards,* 7 Colo. 209. Plaintiff's remaining requests to charge were either unnecessary, by reason of the matters contained in the charge as given, or were improper under the issues as framed.

It is impossible to determine to what portion of the charge, as given, the assignments of error relate. From the whole charge, however, the case seems to have been fairly submitted to the jury upon the issues as framed by the parties.

Among other matters, the trial court correctly charged the jury to the effect that the written contract must control as to the land agreed to be conveyed; and that, in case of a variance between the plat and the stakes, the latter must control, inasmuch as plaintiff had admitted that he examined the stakes before purchasing.

The court further charged the jury, in substance, that if

they should find from the evidence that a portion of the premises included in the contract to convey was not included in the deed as executed, then plaintiff was entitled to damages for the loss of the premises not thus included in the deed, unless they should also find from the evidence that he subsequently agreed with defendant or his agent to surrender a portion of said premises for the street which was afterwards laid out; but that, if plaintiff did subsequently agree to surrender such portion for the street, then he could not recover.

As far as we can judge from the evidence in the record, there appears to be no reason for disturbing the verdict. The judgment of the district court is affirmed.

*Affirmed.*

Mr. Justice Hayt, having presided at the trial in the court below, took no part in the consideration of this cause.