BOYKIN, CARMER & COMPANY v. D. B. BUIE et al.

*Compromise—Acceptance of Offer—Tender—Satisfaction of Judgment.*

1. An agreement to accept a part of a debt in discharge of the whole is an enforceable contract under *The Code*, § 574.

2. Where plaintiffs replied to a letter from one of the defendants, proposing to pay thirty per cent., or one-fifth, of a judgment, if he should be released therefrom, that "the claim now, with interest, amounts to $759.31, one-fifth of which will be $45.55, for which amount we will be pleased to give you a receipt against the claim," it was an acceptance of the defendant's offer.

3. Where a judgment plaintiff accepted an offer of thirty per cent. of the judgment in compromise, and in compliance therewith defendant sent to plaintiffs a check for the amount, which plaintiffs declined to receive, except as a payment upon the debt *pro tanto*, such defendant is entitled to have an entry of satisfaction made upon the judgment docket as to him, in answer to a motion for leave to issue execution upon such judgment.

This was a MOTION for leave to issue execution on a judgment, heard on appeal from the Clerk at Fall Term, 1890, of the Superior Court of ROBESON County, before *Graves, J.*

Judgment was rendered by a Justice of the Peace against the firm of D. B. Buie & Bros., composed of D. B. Buie, J. C. Buie and the appellant M. C. Buie, in favor of the plaintiffs, which judgment was subsequently docketed in the Superior Court, and at subsequent term of the latter Court a judgment was rendered in favor of the plaintiffs against the defendants for the sum of _____. Both of these judgments were entered upon the judgment docket of the Superior Court. On the 5th of February, 1890, the defendant M. C. Buie wrote to the plaintiffs proposing to pay thirty per cent. of both these judgments, provided that, upon payment of said sum, the said M. C. Buie should be released from any further obligation arising out of said judgments, and that the same

should be satisfied, so far as he is concerned. The plaintiffs replied as follows: "Replying to your favor of the 5th, just received, that you are prepared to pay thirty per cent. of the account against Buie and that your brothers, you believe, will do the same: The claim now with interest. amounts to $759.31, one-fifth of which will be $45.55, for which amount we will be pleased to give you a receipt against the claim, and trust your brothers will do the same."

In answer to the letter (of plaintiffs) the defendant M. C. Buie forwarded to the plaintiffs a check on the bank of Guilford in Greensboro, N. C., for the sum of $45.55, setting forth in the check that it was in full of said judgments. The plaintiffs returned said check to said M. C. Buie, refusing to receive the same, except on condition that it should be entered as a credit pro tanto on the judgments.

M. C. Buie sent the said check back a second, and a third time, and each time it was returned in a letter giving the same reason for refusing to apply it. The defendant Buie has ever since kept funds in said bank to pay the amount of said check, and asks to be allowed to pay the amount into Court and have it entered as a payment in full of his indebtedness on said judgments.

Upon the above facts, and from the affidavits, the Court found that plaintiffs live in Baltimore, Md., and have their place of business there, and that defendant M. C. Buie lives at Red Springs, Robeson County, N. C., and that there was an acceptance by plaintiffs of the defendant M. C. Buie's offer of compromise, and that the tender of the check for $45.55 was a payment of the indebtedness of the defendant M. C. Buie, and he was entitled to have entry of satisfaction on the record as to the whole of the judgments as against him, and so ordered. The plaintiffs excepted, and appealed from the judgment rendered.

*Mr. A. Stronach*, for plaintiff.
No counsel *contra*.

AVERY, J.: We concur with the Judge who heard the motion in the Court below, in the opinion that the plaintiffs accepted the proposal of the defendant M. C. Buie, and were bound, when he forwarded the check for $45.55, the sum mentioned in their letter, to apply the same in full discharge of his indebtedness by reason of said judgments. The defendant has the right to demand that the substance of the said agreement shall appear upon the judgment docket, so as to show that the plaintiffs can proceed no further by virtue of the judgments against him. Under the provisions of the statute (*The Code,* § 574), where a creditor voluntarily accepts from the debtor a less sum than is actually due, by way of compromise and in lieu of the whole, the debt is discharged. *Koonce* v. *Russell,* 103 N. C., 179. When a proposal to pay a given sum, provided that the payment shall operate to relieve one of three joint judgment debtors, is accepted by the creditor, and the debtor, within a reasonable time, tenders the amount, he has the right to demand that it shall be received and applied in discharge of his obligation to make any further payment.

There is no error, and the judgment is affirmed.

Affirmed.