W. J. McEWEN v. JOSEPH LOUCHEIM.

*Practice—Referee's Findings of Fact—Action by Agent for Commissions—Quantum Meruit.*

1. Where, in passing upon exceptions to a referee's report, the Judge below makes no specific findings of fact, it will be presumed, upon appeal to this Court, that he adopted the referee's findings of fact.

2. Where plaintiff, who was entitled, under contract with defendant, to commissions on all goods sold within a certain territory went beyond such territory, at the request of defendant, for the purpose of making sales, and obtained orders which were turned down by defendant, he is entitled to his expenses and reasonable compensation for his time.

3. The findings of fact by a referee cannot be reviewed by this Court, when they have been approved by the Judge below.

4. A receipt given in a settlement between parties is only *prima facie* evidence.

Civil action, tried before *Allen, J.*, at Fall Term, 1894, of Ashe Superior Court, upon exceptions to a referee's report, which is as follows:

"I find from the evidence that the plaintiff entered the service of the defendant as his salesman in 1889, and quit his service in 1892. That according to the contract between them he was to sell the defendant's goods in certain counties in North Carolina, Tennessee and Virginia. That he was to receive for all sales which the defendant approved and shipped the goods to the parties the plaintiff had sold to, ten per cent. on all bills so approved and the goods shipped. That he was to have the same commission on all bills sold directly by the house and the goods shipped to any parties within plaintiff's territory, or on goods bought by plaintiff from the defendant firm.

"I find that during the time the plaintiff was in defendant's service, he and defendant firm sold to Mrs. L. E. Yarborough, of Mountain City, Tenn., $503.25, and that plaintiff has not received his commission on the same. I find that at the urgent request of defendant, plaintiff made a trip to Virginia to sell the firm of John O. Carroll & Co. a bill of goods. That he contracted to sell said firm a bill of goods to the amount of $1,562.25. I find that this contract was not approved by the defendant, but that defendant refused to ship the same. I find that the said firm did business outside of plaintiff's territory. I find that plaintiff was a considerable time and at considerable expense in making the trip to Virginia to sell the said firm, and that he paid his own and the expenses of the members of said firm while making the contract of sale to said firm. And I also allow plaintiff $50 for his time and expenses.

"I find that in the settlement with the defendant the fall of 1890, defendant failed to allow plaintiff commissions on account of bills of goods sold by plaintiff for defendant up to that time, $288.54 of the $4,122.04. That defendant is due him on this amount $28.85. I find that during the time plaintiff was in defendant's employ he bought goods to the amount of $273.20, and that he is entitled to commission on the same, $27.32.

"I find that he paid the agent of the Richmond and Danville Railroad at North Wilkesboro for freights for defendant $7.33, and that the same is now due plaintiff. I find that the receipt of plaintiff to defendant of date December 11, 1891, was not a final settlement of the account between them.

"From the foregoing facts I conclude that the defendant is now due the plaintiff the following amounts:

| | |
|---|---:|
| Commissions on bills of goods to Mrs. L. E. Yarborough | $ 50 32 |
| John O. Carroll & Co., for time and expenses | 50 00 |
| Balance on settlement in full of 1890 | 28 85 |
| Goods bought of defendant by plaintiff | 27 32 |
| Freights to agent at Wilkesboro | 7 33 |
| Total | $163 82 |

"I recommend that judgment be entered for plaintiff against defendant for $163.82, with interest on the same from the 11th December, 1891."

Defendant excepts to the report of the commissioner—

1. For that he allows plaintiff $50 for visiting John O. Carroll & Co., without allegation or proof of any such liability.

2. For that the commissioner erred in the plaintiff's commissions on the amount sold to Yarborough.

3. For that the commissioner allowed the plaintiff the sum of $27.32, when they were both for the same matter.

4. For that the commissioner erred in not allowing the defendant a credit of $28.54, admitted by the plaintiff as correct.

5. For that the commissioner failed to find that the receipt given by the plaintiff is binding.

6. That his conclusions of law are erroneous, in that he finds the defendant is indebted to the plaintiff in any amount at all.

His Honor overruled the exceptions and confirmed the referee's report, and the defendant appealed.

*Mr. R. A. Doughton,* for plaintiff.
*Messrs. Haywood & Haywood,* for defendant (appellant).

CLARK, J.: The Judge having made no specific findings of fact, he is presumed to have adopted those of the referee. *Battle* v. *Mayo,* 102 N. C., 413. The plaintiff sued for commissions on the bill of goods sold to Carroll & Co. While this was disallowed because the sale was made in territory not embraced in the contract, it being found as a fact that the trip to make the sale was made at the request of the defendant, the referee properly allowed the plaintiff his expenses and reasonable compensation for his time. *Stokes* v. *Taylor,* 104 N. C., 394. There was no error in allowing the commissions on the sale to Yarborough, which was according to the contract. There were allegations of fact in the answer which, if found true, negatived liability as to this item and for the $27.32, but the finding of the referee was adverse, and we cannot review his findings of fact. The Judge below possessed that power, but he approved the referee's findings. We do not find in the pleadings or the referee's report any admission by plaintiff of a credit of $28.54, as stated in the fourth exception. The receipt was only *prima facie* evidence, and it was directly impeached by the replication. *Harper* v. *Dail,* 92 N. C., 394. The sixth

exception is too general to be considered, except as it covers matters embraced in the specific exceptions just referred to. Clark's Code (2d Ed.), pages 413, 414.

No Error.