McLure et al. v. Everett L. Koen.

1. Practice—Objection to Evidence—Statute of Frauds.
The bar of the statute of frauds cannot be taken advantage of upon an objection to the introduction of any evidence.

2. Water Rights—Pleading.
A complaint which alleges a contract for the use of water from a ditch sufficient to irrigate 160 acres of land is sufficiently definite as to the amount of water, to state a cause of action.

3. Water Rights—Oral Contract—Performance.
An oral contract for the perpetual use of water from a ditch sufficient to irrigate a certain 160 acres of land, based upon a consideration, and performed by both parties, and followed by possession and use of the water for several years, is sufficient to maintain an action to enforce the right under the contract.

4. Water Rights—Notice—Possession and User.
The open and notorious possession and user of water from an irrigating canal through lateral ditches is constructive notice to a purchaser of the rights of the party so in possession and using the water.

5. Water Rights—Decree.
A decree that adjudged plaintiff to be the owner, and entitled to the use, of sufficient water flowing through an irrigating canal for the irrigation of 160 acres of land, is sufficiently definite and certain as to the amount of water decreed.

*Appeal from the District Court of Prowers County.*

On May 6, 1895, Everett L. Koen filed his complaint in the district court of Prowers county, wherein he in substance avers that he is, and since the early part of the year 1890 has been, the owner, and in possession of, the following described tract of land:

The northeast quarter of section 3, township 23 south,

range 47 west, containing 160 acres; that this land lies adja-
cent to a certain irrigating canal known as the Colorado and
Kansas canal, which takes water from the Arkansas river and
transmits the same to plaintiff and other consumers; that the
canal is owned by Charles McLure and managed, in his behalf,
by Charles Maxwell; that said canal was constructed in the
years 1885 and 1886 by the Colorado and Kansas Canal & Res-
ervoir Company, a Colorado corporation; that at the time of
its construction the irrigation of land in that vicinity was an
untried experiment, and the company being desirous that the
plaintiff and one H. W. Koen, who was the owner and in pos-
session of the land aforesaid during the year 1885, should make
application of water from the canal to this land, agreed that
in consideration of their aiding in the construction of the ca-
nal and making such application of the water, that they should
thereafter become entitled to take water from the canal for
the permanent irrigation of this land; that in pursuance of
this agreement, in the years 1885, 1886, 1887 they did work
upon the construction of the canal; and during each year since,
they have, without pay, given their services toward maintain-
ing and keeping the canal in repair; and H. W. Koen, in the
year 1886, diverted water therefrom for the irrigation of said
land; and continued to irrigate the same from year to year
thereafter up to 1890, when plaintiff purchased the land, and
the right to use water thereon; that he has continuously, with
the knowledge and consent of the owners and managers of the
canal, including defendants, ever since diverted through cer-
tain lateral ditches leading from the canal, water for the irri-
gation of crops and fruit and shade trees growing on the land;
that during the year 1894 an adjudication of the rights to the
use of water for irrigation in water district No. 67, within
which the canal is situate, was duly instituted in the district
court of Bent county; that in said adjudication the canal was
decreed a priority, to date from April 1, 1886, for twenty-seven
and seventy-seven one hundredths cubic feet of water per
second of time, partially upon the basis of the continuous
irrigation, by the plaintiff and his grantors, of the land afore-

said; that on or about April 20, 1895, Maxwell, acting on behalf of McLure, temporarily shut down the head-gates to the lateral conveying water from the canal to the land of plaintiff, and threatened to shut the same down permanently, and thereby deprive plaintiff of the use and benefit of water from the canal, to his irreparable injury and damage; prays that he be adjudged to be the owner, and entitled to the use, of sufficient water flowing through said canal for the irrigation of the 160 acres of land mentioned; and that the defendants be perpetually enjoined from shutting down the head-gates of the laterals leading from the canal to his land; or in any wise interfering with the free flow of water necessary for such irrigation.

To this complaint Maxwell filed a disclaimer, and McLure answered, denying the contract and any knowledge of plaintiff's claim when he took title to the canal; and averred that there was no written evidence of the agreement; prays that plaintiff's complaint be dismissed, and for damages for past user of water; and that in the event plaintiff be adjudged the right to the use of water for 160 acres of land, as prayed for in his complaint, he be required to pay $2,000 before he shall have the right to use the same; and the further sum of $48.00 annually.

The case was tried to the court, and resulted in judgment in favor of plaintiff, granting the relief prayed for. To reverse this judgment defendants prosecute this appeal.

Mr. C. C. Goodale, for appellants.

Mr. Henry A. Dubbs, for appellee.

Mr. Justice Goddard delivered the opinion of the court.

The first two assignments of error challenge the sufficiency of the complaint for the reason that the agreement sought to be enforced was not alleged to be in writing, and is so indefi-

nite as to the amount of water plaintiff is entitled to thereunder as to be incapable of enforcement. These questions were sought to be raised by objecting to the introduction of any testimony. That the bar of the statute of frauds cannot be taken advantage of in this manner is too well settled to admit of discussion. *Tucker v. Edwards*, 7 Colo. 209; *Hunt v. Hayt*, 10 Colo. 278; *Garbanati v. Fassbinder*, 15 Colo. 535; *Tynon v. Despain*, 22 Colo. 240; *Hamill v. Hall*, 4 Colo. App. 290.

Nor was the complaint deficient in stating a cause of action, because under the contract pleaded the quantity of water to which plaintiff was entitled was to be determined solely by the acreage to be irrigated, instead of specifying a mathematical amount in feet or inches. It provided for the right to take water for the permanent irrigation of 160 acres. The quantity of water thus provided for is easily ascertained, as demonstrated by the enforcement of this contract itself for several years. The objection, therefore, to the introduction of evidence upon the ground that the complaint failed to state a cause of action, was properly overruled.

It is further insisted, however, that the evidence having disclosed that the agreement relied on is an oral one, the statute of frauds may be invoked to defeat its enforcement; and furthermore, that the right sought to be established, being an easement in the ditch and an interest in realty, it is not transferable except by a deed; and therefore, that this agreement is ineffectual to vest title in the plaintiff. A sufficient answer to this contention is that the undisputed evidence clearly establishes the agreement, and a complete performance of its conditions upon the part of plaintiff and his grantor, possession taken thereunder and a user of the water for several years.

It is well settled in this jurisdiction that, although an oral contract relating to realty is within the statute, where a consideration has passed, and it has been fully performed by both parties and possession taken in pursuance thereof, the bar of the statute is removed, and equity will enforce the right thus

acquired. *Schilling v. Rominger*, 4 Colo. 100; *Lipscomb v. Nichols*, 6 Colo. 290; *Tynon v. Despain, supra.*

Under this rule the plaintiff established his right to an interest in the ditch that equity will recognize and protect; and a decision as to whether or not such interest is ordinarily transferable otherwise than by deed, is unnecessary to the determination of the case.

But another reason advanced why the agreement is not enforceable against the defendant McLure, in any event, is that he acquired title to the canal without legal notice of the agreement and of the rights plaintiff claimed thereunder. It appears in evidence that at a stockholders' meeting held in St. Louis long prior to his purchase of the canal, McLure was present, and the agreement between the company and the plaintiff and others was discussed and recognized, and a memorandum thereof entered upon the minutes of the meeting. But counsel contend that, notwithstanding this notice, since he bought the canal at a foreclosure sale under a trust deed, he took it free from all equities, because the trustee had acquired title without notice. If we may presume, in the absence of any showing, that the trustee acquired title without actual notice, the open and notorious possession of plaintiff at the time was sufficient to put him upon inquiry, and constituted constructive notice. But even if this were not so, his claim cannot prevail because he is not at present holding title under that sale. In March, 1893, he conveyed the property to one F. B. Koen, who was formerly president of the company, who conveyed it back to McLure on June 28, 1894. During this time plaintiff's rights were openly asserted; and during McLure's ownership in 1892 he appointed him to manage the canal; and after his repurchase in 1894 availed himself of the fact of plaintiff's continuous user of the water to establish its priority in the adjudication proceedings above referred to.

In view of these facts and circumstances, we think that McLure must be held to have acquired title to the canal with full notice and knowledge of appellee's rights. It is also urged that the decree is void for uncertainty. It adjudges

the plaintiff to be the owner, and entitled to the use, of sufficient water flowing through the canal for the irrigation of 160 acres of land.   In this respect it conforms to the agreement which we have already seen is sufficiently definite and certain in this regard.

We have considered the other objections presented and argued by counsel for appellant, and without noticing them in detail, it is sufficient to say that a careful examination of the record satisfies us that the judgment of the court below is correct, and should be affirmed, which is accordingly done.

*Affirmed.*