W. T. SMITH v. W. D. SMITH.

(Decided November 15, 1898).

*Amendment of Pleadings—Statute of Limitations— Mortgage.*

1. The rule seems to be well settled that amendments to pleadings are left to the discretion of the presiding Judge—there are some exceptions.

2. Amounts received from the debtor by the owner of a note and mortgage are by force of law applied as payments upon the mortgage.

3. Where the mortgage has been overpaid and the mortgagor sues to recover the overpayment, and the mortgagee pleads the Statute of Limitations, the defence is applicable only to the excess of payments over the mortgage debt.

CIVIL ACTION for an injunction to enjoin the sale of land under mortgage and for an account tried before *McIver, J.,* at November Term, 1897, of CUMBERLAND Superior Court. Appeal by plaintiff.

SMITH *v.* SMITH.

### STATEMENT OF THE CASE.

The plea of the Statute of Limitations was set up by the defendant in this action, and the Court adjudged that the plaintiff's action was barred, and the plaintiff appealed.

The summons was issued on February 8, 1896.

The plaintiff alleged in the complaint that on April 8, 1884, he executed to defendant a promissory note for $150, payable December 1, 1884, with interest, the consideration being a horse, to enable plaintiff to cultivate land which he had rented from defendant on the West side of the Cape Fear River, rent being 800 pounds lint cotton, and also another tract on the East side of the river for $75 money rent, etc. Defendant denied the allegations of the complaint.

In the course of the action a reference was had to state an account between the parties in which the referee finds a balance due the plaintiff of $293.65. The date of the last item of the account is October 1, 1895, being a credit of a cash payment on note.

Much evidence was introduced before the referee.

The judgment of the Court was: It is adjudged that the plaintiff's cause of action is barred by the Statute of Limitations and that the defendant's exceptions to report and account filed are allowed, and that the plaintiff's application for an injunction to restrain defendant from selling the land to collect the debt, referred to in the pleadings, as per note and mortgage dated Dec. 31, 1884, is disallowed, and commissioners were appointed to make the sale of the land, etc.

The plaintiff excepted to the judgment:

1. Because the Statute was allowed to be pleaded after the reference was ordered, the evidence taken, the

report made, and exceptions thereto filed by defendant "and a trial by jury waived."

2. The plea of the Statute was not applicable to the course of dealings between the parties as disclosed in the evidence, the relation of principal and agent being shown, and a running account between the parties.

3. The Statute of Limitation is not applicable so as to exclude evidence of payments on the note.

4. The finding of the Court upon the effect of the Statute upon the plaintiff's cause of action is erroneous and without evidence to support it. The cause of action was the wrongful act of defendant in exposing plaintiff's land to sale under a mortgage which was itself more than ten years old, and which according to the evidence reported and the findings of the referee, was overpaid.

5. Because the effect of the plea sustained by the Court, could only exclude the liability of the defendant in respect to the excess found in favor of the plaintiff over the satisfaction of the note and mortgage.

The defendant's exceptions to the account and statement of the referee, which were allowed by the Court, are as follows:

1. That defendant is charged with 1900 pounds of cotton at 9 ¾ cents and with ten dollars cash in 1884—$195.25.

2. That defendant is charged with 2,000 pounds of cotton at 9⅝ cents and 63 bushels of seed cotton @ 8c. in 1885—$197.54.

3. That defendant is charged with 1740 pounds of cotton @ 8¾c. and 76 bushels seed cotton @ 8c., in 1886—$158.33.

4. That the defendant is charged with 2433 pounds of cotton at 9½c. and 80 bushels seed cotton @ 10c. in 1887—$239.13.

5. That defendant is charged with 1740 pounds of cotton @ 9¾c. and cash $35, in 1888, making $204.35.

6. That defendant is charged with cash $10, Feb. 17, 1889.

7. That defendant is charged with cash $23, October 1, 1895. That the testimony does not support the above mentioned items of charge.

8. That the referee failed to find as a fact that plaintiff at the end of each and every year had a settlement with defendant as to all matters connected with the rent of land and advances, and that nothing was due the plaintiff on those matters.

9. That the referee failed to find as a fact that defendant owed plaintiff nothing and that plaintiff owed defendant the amount of the note secured by the mortgage referred to in the pleadings.

10. That the finding of fact as to plaintiff's indebtedness to defendant should have been $159 and interest from December 31, 1884, as per note set out in the mortgage, $150 and interest from April 8, 1894, as found by the referee.

Defendant insists upon his right to a jury trial upon said exceptions as above set out, and upon all issues raised by the pleadings and upon all the several exceptions made by him as to the reception and exclusion of testimony.

*Messrs. R. P. Buxton* and *N. A. Sinclair*, for plaintiff (appellant).

*Mr. N. W. Ray,* for defendant.

MONTGOMERY, J.:   At the term of the Court to which the referee made his report the defendant was allowed to file, as an amendment to his answer, the plea of the

Smith *v.* Smith.

statute of limitations.   The rule seems to be well settled
by the decisions of this Court that amendments to
pleadings are left to the discretion of the presiding Judge.
In *Gilchrist* v. *Kitchin*, 86 N. C., 20, on that point, the
Court said: "But independent of *The Code*, we hold
that the right to amend the pleadings of a cause and
allow answers and other pleadings to be filed at any
time is an inherent power of the Superior Courts which
they may exercise at their discretion unless prohibited
by some statutory enactment, or unless vested rights are
interfered with."   There are some exceptions, as where
an amendment should be desired to make a pleading
conform to facts proved, it should not be allowed if it
changes the claim or defence; or if an amendment is
allowed in favor of one party to the suit and a cor-
responding amendment is rendered thereby necessary on
the part of the adverse party a refusal to allow the latter
would be appealable.   *Knott* v. *Taylor*, 96 N. C., 553;
*Brooks* v. *Brooks*, 90 N. C., 142.   In the case before us
however, the rule prevails and the matter was therefore
in the discretion of the Court.   A hardship seems to
have been put upon the plaintiff in the allowing of the
amendment but as the matter was in the discretion of
his Honor we cannot review it.   The complaint alleged
that the defendant owed the plaintiff a balance for each
of several years more than three years however having
lapsed since the date of the last item in the account.
The answer was a simple denial of the indebtedness.
Upon the motion of the plaintiff an order of reference
was made to have an account stated between the parties.
This was a consent order, no objection having been made
by the defendant.   After the account was stated and
reported by the referee, the defendant finding that it
was against him, was allowed to put in the plea of the

statute of limitations. The defendant knew that he
had this plea as well before the reference as afterwards.
It looked like trifling with the Court to go to trial on
the merits of his case and after being defeated to make,
by way of amendment, a defence of the statute of limi-
tations which he knew he could avail himself of at the
start. But, as we have said, the matter is not an open
question. That part of the judgment which concerned
the plea of the statute was in this language: "The
Court allowed the motion of defendant for leave to
amend the answer and plead the statute of limitations
and defendant filed his plea accordingly. And there-
upon the Court doth adjudge that the plaintiff's cause
of action is barred by the statute of limitations." The
judgment further declared "that the defendant's ex-
ceptions to the report and account filed are allowed
. . . and the plaintiff's application for an injunction
to restrain the defendant from selling the land to col-
lect the debt referred to in the pleadings as per note and
mortgage, is disallowed." The last was clearly only
the conclusion of the Court as to the legal effect of
the statute of limitations upon the indebtedness of the
defendant to the plaintiff as set out in the complaint;
for it was made without any finding of facts by his
Honor. When the Judge finds no facts it is presumed
that he adopted those found by the referee. *McEwen* v
*Loucheim*, 115 N. C., 348; *Bancroft* v. *Roberts*, 91 N.
C., 363. But it is apparent that he did not adopt the
findings of the referee, for the referee found them all
in favor of the plaintiff and the judgment is against
the plaintiff. In order that the defendant's excepions
to the report of the referee should have been sustined
it was necessary for the Court to have reviewd and
set aside the facts found by* the referee and o have

SMITH *v.* SMITH.

found the facts himself in favor of the defendants. This he did not do. As therefore there was no finding of facts by his Honor, and the findings of the referee were not approved there is error in that part of the judgment which sustains the defendant's exceptions and denies the application for the injunction. There is partial error in the judgment concerning the plea of the statute of limitations. The plea of the statute was available only as to whatever amount was found to be due by the defendant to the plaintiff in excess of the amount which the plaintiff owed the defendant for the horse, the consideration of the note and mortgage. If it should be found that the defendant owes to the plaintiff any amount that amount by force of the law is a payment on the debt due by the plaintiff to the defendant on note and mortgage; and if the defendant's indebtedness should exceed the amount due by the plaintiff for the horse then the plea of the statute will apply to the excess. There was error and the case is remanded to the end that the report and the exceptions thereto filed by the defendant may be heard and the law in reference to the statute of limitations be applied as herein declared.

Error.