[No. 4122.]

RUTH v. SMITH.

1. PLEADING—STATUTE OF FRAUDS—CONTRACT IN WRITING—PRE-SUMPTION.

Where a complaint alleges that a contract was entered into between the parties for the sale and conveyance of real estate, as against a general demurrer, it will be presumed that the contract was in writing.

2. PLEADING—VENDOR AND VENDEE—UNLAWFUL DETAINER—OWNERSHIP.

Where a vendee went into possession of real estate in pursuance of a contract of sale, he cannot be heard to question his vendor's title in an action by the vendor to recover the premises for a failure on the part of the vendee to comply with the contract, and a complaint that alleges such contract of sale and the failure of the vendee to comply therewith is sufficient as against a general demurrer without an allegation of ownership.

3. PRACTICE—DEFAULT—UNLIQUIDATED DAMAGES—EVIDENCE.

In an action for unliquidated damages a default by the defendant is not to be taken as an admission of value or amount of damage, but testimony must be taken upon which to base the amount of the damage.

4. PRACTICE—DEFAULT—DAMAGE.

In an action for unliquidated damages, where the defendant fails to answer, it is error to render judgment for a greater amount than that demanded in the complaint.

*Error to the County Court of Mineral County.*

Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. JAMES D. PILCHER, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Plaintiff's avowed intent was to state a cause of action under subdivision 9 of section 3 of the unlawful detainer act of 1885 (1 Mills Ann. Stat. § 1973), providing that, "When a vendee, having obtained

possession under an agreement to purchase lands, or tenements, and having failed to comply with his agreement, withholds possession thereof from his vendor, or assigns, after demand therefor being duly made," he shall be deemed and held guilty of an unlawful detention of real property. A demurrer was interposed by the defendant on the ground that the complaint did not state facts sufficient to constitute a cause of action. It was overruled by the court, and defendant was ruled to plead within a given time, but electing to stand by her demurrer, the court entered her default and upon the admitted allegations of the verified complaint, without hearing any further or additional testimony, entered judgment in plaintiff's favor for $86.66 as damages for the unlawful detention, and ordered restitution, of the premises.

1. In support of her writ of error defendant says that the complaint is insufficient because it nowhere appears therein that plaintiff was the owner of the property or entitled to its possession; and that it appears therefrom that the contract was within the statute of frauds, and no consideration for the contract is alleged.

The complaint is not well drawn, and its defects might be reached by special demurrer or motion, but a cause of action can be gathered from its allegations. The statute of frauds furnishes a rule of evidence and not of pleading, and where, as in this complaint, the allegation is that a contract was entered into between the parties for the sale and conveyance of the premises, it will be presumed, as against a general demurrer, that the contract was in writing. *Garbanati v. Fassbinder*, 15 Colo. 535; *Tucker v. Edwards*, 7 Colo. 209. It sufficiently appears that a part of the purchase money was paid at the time the con-

tract was made, and that defendant was put in possession by plaintiff in pursuance of the contract and afterwards made an additional payment on the purchase price. Having thus entered into possession of the premises in pursuance of a contract of sale, defendant cannot be heard to question her vendor's title in an action brought by the latter to recover the premises for the vendee's failure to comply with such contract.

2. A more important error alleged is that the court, relying solely upon the verified complaint, and without taking any additional evidence, rendered judgment, not only awarding restitution of the premises, but also a money judgment in the sum of $86,66 as their rental value while the defendant was unlawfully in possession. The summons did not state that judgment was asked in any specific sum, but the complaint alleged that the rental value of the premises was twenty dollars a month. Defendant asserts as a broad proposition that, under chapter 11 of the civil code which relates to judgments on failure to answer, in all cases except in actions arising upon contract for the recovery of money or liquidated damages only, where a default is entered for failure of the defendant to appear or plead, final judgment cannot be rendered without the taking of evidence. Such is not its fair interpretation. *Thomas v. Colo. Nat. Bank*, 11 Colo. 511. The second clause of the section provides with reference to the character of actions to which this one belongs that "If the taking of an account or the proof of any fact, be necessary to enable the court to assess the damages or give judgment, or to carry the judgment into effect, the court may take the account or hear the proof, or may, in its discretion, order a reference for that pur-

pose; and where the action is for the recovery of damages in whole or in part, the court may order the damages to be assessed by a jury, or they may be assessed by the court;" etc.

This language implies that in actions within this class there are, or may be, some wherein proof is, and others wherein proof is not, necessary in order to enable the court to give judgment, and the question now is, was, or was not, proof necessary in giving this judgment. The action is not one between landlord and tenant but between vendor and vendee. The damages sought to be recovered are not liquidated; and while the default of the defendant must be taken as an admission of all the material issuable facts well pleaded in the complaint, nevertheless, in an action for unliquidated damages such default is not to be taken as an admission of value or amount. Whether the finding be made by the judge of the court or ascertained by a jury, testimony must first be taken. At common law where a defendant by his default admits the allegations of the declaration, the plaintiff is not required to establish the same by further proof, and in the absence of a provision in our code to the contrary the same rule should prevail under our practice. Yet even at common law, and the same rule we hold should govern here, where the damages claimed are unliquidated, or value of services and the like, not fixed by agreement, are alleged, a judgment on default cannot be rendered without taking proof other than that furnished by the declaration or complaint. 6 Enc. Pl. and Pr. 112, 132 and cases cited; *Jones v. Stevens*, 1 Colo. 67; *Gallup v. Wilder*, 1 Colo. 293.

For another reason the judgment must be reversed. The amount of damages demanded in the complaint

was $60, while the amount awarded was $86.66. Section 169, code of 1887, says that the relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint. See, also, 6 Enc. Pl. and Pr. 109, 110. In some circumstances a reduction of the amount of damages might be made in the court of review and the proper amount directed, but since the claim was for unliquidated damages, and there was no proof as to what was the rental value of the premises, it is impossible for this court to ascertain from the record for what amount, if any, a judgment should be given.

Judgment reversed and cause remanded for a new trial.

*Reversed.*