[No. 2130.]

CROKE v. THE AMERICAN NATIONAL BANK OF DENVER.

**1. Water Rights—Findings—Decrees—Departure.**

In an action to enjoin defendant from interfering with plaintiff's easement to flow water through a ditch to irrigate certain land, where the court finds plaintiff entitled to use the ditch in question to carry water to irrigate the land designated, subject however to defendant's rights to carry water to irrigate certain other land, a decree which gives plaintiff the right to use the ditch without regard to whether it is being used by defendant is a departure from the findings and will be modified to correspond with the findings.

**2. Contracts—Easements—Parol—Water Rights.**

A parol contract whereby plaintiff was to construct a ditch through the land of defendant and both parties were to have the joint use of the ditch for irrigation purposes, was not void under the statute of frauds, but when executed, by the construction of the ditch, vested in plaintiff an irrevocable easement in the ditch.

**3. Same—Notice.**

Where one has an easement in a ditch through the lands of another based on an oral contract and had been in open visible use of the ditch for irrigation purposes for several years up to the time the land was sold without any exception of the easement, the purchaser took the land charged with notice of the easement and subject thereto.

**4. Conveyances—Easements—Evidence—Estoppel.**

Where the owner of land across which another had an ease-

ment in an irrigating ditch conveyed the land by deed containing the usual covenants without excepting therefrom the easement, in an action by the owner of the easement against the purchaser of the land to enforce his right, the grantor was a competent witness on behalf of plaintiff to testify to a parol grant by him to plaintiff of the easement, and the evidence was not objectionable on the ground that it tended to nullify the deed from witness to defendant. Plaintiff not being a party to the deed, was not estopped by the recitals therein.

5.  Water Rights—Easements—Equity Jurisdiction.

An action to protect an easement in a ditch used for irrigation is peculiarly within the jurisdiction of equity.

*Appeal from the District Court of Arapahoe County.*

Mr. M. J. BARTLEY, for appellant.

Mr. T. J. O'DONNELL, for appellee.

GUNTER, J.

T. B. Croke, owning a reservoir on section 9 desired to irrigate therefrom 15 acres in section 15. Barker, owning a reservoir on section 10 wanted to irrigate therefrom about 40 acres in the S. W. ¼ of section 10. A ditch located on the S. W. ¼ of section 10 connecting the reservoir on section 9 with the 15 acres in section 15 would convey the water from both reservoirs to the parcels to be irrigated. Barker, owning the S. W. ¼ of section 10 orally agreed that if Croke would build the ditch he would furnish the land and that the ditch should be used by them jointly. In about 1888, pursuant to this understanding, the ditch was constructed by Croke and used as intended by the original parties until 1894, and by their successors in interest until 1897.

The rights of T. B. Croke are held by the present plaintiff, the rights of Barker by present defendant.

In 1897 the defendant refused to allow plaintiff to use the ditch for the conveyance of water in irrigating the 15 acres in section 15.

This action was brought to enjoin defendant from interfering with plaintiff's alleged easement. Plaintiff had judgment; defendant appealed.

1. The complaint stated facts which if established entitled plaintiff to a decree enjoining defendant from interfering with the right of plaintiff to flow through the ditch in question sufficient water to irrigate 15 acres in section 15. There was a direct conflict on the material allegations of the complaint between the testimony of Wright Barker, the main witness for plaintiff, and T. B. Croke, the leading witness for the defendant. The trial court gave credit to the testimony of the former, and found the material allegations of the complaint established. These findings we accept. It is objected that the decree departs the findings. The court finds plaintiff entitled to use the ditch in question for irrigation of 15 acres in section 15 "subject, however, to the right of the said Barker to use the said ditch to carry water from a reservoir situated on said S. W. ¼ of section 10 for the irrigation of about 40 acres of his land." The decree, however, permits plaintiff to use the ditch at all times even though defendant is using it, thus departing the findings in not making such use of plaintiff subject to the Barker use, to which last use, as stated, defendant has succeeded. We are not advised by the evidence or findings that the section of ditch in question is of sufficient capacity to permit the simultaneous use of it by plaintiff and defendant to the extent of their above respective rights. If it is not of sufficient capacity to permit such simultaneous joint use the attempt to exercise the same would result in an interference with defendant's superior right. The decree in this particular should conform to the findings by making the use of plaintiff subject to the use of defendant. While

it is testified that it was not the practice to use the ditch by both parties at the same time, .there is no reason why it should not be so used, provided it can be done without interference with the above superior right of defendant.

The decree below will be modified here to satisfy this conclusion in the following manner: There will be eliminated from the decree all that portion thereof beginning at the words "to its full capacity for the irrigation of said lands" in folio 229 down to and inclusive of "the irrigation season of each year" in folio 230, and there will be substituted therefor the following:

For carrying water from the said reservoir situated on said E. ½ of section 9, to irrigate the 15 acres of land in said section 15, owned May 19, 1887, by plaintiff, subject, however, to the right of said defendant to use the said ditch to carry water from a reservoir situate on said S. W. ¼ of section 10 for the irrigation of about 40 acres of land owned by him May 19, 1887, in said section 10.

2.   The contract whereby Barker gave to Croke the right to construct the ditch in question over his land was not in writing. It is contended that such being the case the contract is void under the statute of frauds. The contrary is decided in *DeGraffenried v. Savage,* 9 Colo. App. 131, 47 Pac. 902; see also *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039.

3.   Barker, who granted to T. B. Croke the right to construct and use the ditch in question over his land in section 10, conveyed the S. W. ¼ of section 10 to the defendant without making any exception of the easement in question. It is insisted that the defendant took the land without notice of the easement and therefore discharged thereof. The ditch, as stated, was constructed in 1888; it was used by T. B. Croke in irrigating the land in section 15 from that

time until 1894, when defendant purchased the S. W. ¼ of section 10 over which this ditch ran. This open, visible use of the easement charged defendant with notice of the interest of T. B. Croke therein.—*McClure v. Coen*, 25 Colo. 284, 53 Pac. 1058; *Irrigation Co. v. Lesher*, 28 Colo. 273, 65 Pac. 44; *New La Junta & Lamar Canal Co. v. Kreybill*, 17 Colo. App. 26, 67 Pac. 1026.

4. Wright Barker, as stated, made a deed to defendant of the S. W. ¼ of section 10 in 1894, containing the usual covenants of seizin and right to convey, and that the land conveyed was free from all liens except one specified. Barker was called by plaintiff to testify to the parol grant of the easement in question to T. B. Croke in 1888. Counsel for defendant objected to his testifying "because the said evidence would have a tendency to nullify the deed to the defendant." This plaintiff was not a party to the deed between Barker and the defendant, Edward J. Croke, nor a privy of Barker's grantee, it is not therefore estopped by the recitals in Barker's deed, nor in any other way precluded from showing the falsity of the recitals therein. It was at liberty to show the true facts in contradiction to the recitals in said deed, as it would be to show the true facts in contradiction of any other hearsay statements of Barker.—2 Devlin on Deeds, §§ 820, 821; 2 Wharton on Evidence, §§ 1041, 1042.

5. It is further insisted that this is not a case of equitable cognizance.

As seen from the recitals above the action was brought to protect plaintiff in its enjoyment of an easement; such a proceeding is peculiarly within the jurisdiction of equity.—Pomeroy's Equity Jurisprudence, vol. 3, § 1351; *Fuller et al. v. Swan River Placer Mining Co.*, 12 Colo. 12, 19 Pac. 836.

Let the judgment be affirmed.    *Affirmed.*