[No. 2313.]

## KEEN v. BROOKS.

**Pleading—Bills and Notes—Assignments—Estates of Decedents.**

In an action upon promissory notes, where the complaint alleged that they were assigned to plaintiff by the executor of the deceased payee, it was not necessary to allege that the executor had authority from the probate court to make the assignment. An allegation of assignment implies a valid assignment, and upon issue joined will be supported only by proof of a valid assignment.

*Appeal from the District Court of Pueblo County.*

Mr. G. C. WELLS, for appellant.

THOMSON, P. J.

Suit by appellant against appellee. The complaint alleged the execution and delivery by the defendant to Thomas M. Field, on the 20th day of January, 1888, of three promissory notes for $400 · each, due, respectively, three, four and five years after date, with interest from date at eight per cent. per annum; that the consideration of the notes was a contract for the sale and conveyance by Field to the defendant of an undivided interest in certain real estate; that, Field having died, the notes were by the executor of his will assigned to Richard McKnight, who indorsed them in blank; that they became the property of the plaintiff; and that, excepting a portion of the interest, they were unpaid. Judgment for the amount due on the notes was prayed, and a decree subjecting the land to their payment. A general demurrer to the complaint was interposed by the defendant. The demurrer was sustained, and a judgment of dismissal entered. Plaintiff appeals.

The ground upon which the demurrer was sustained, was that the complaint did not allege that the executor had authority from the probate court to make the assignment. To what extent, or in what manner, an improvident transfer of negotiable paper by an executor would affect the title of an innocent purchaser before maturity, we need not inquire. In pleading, it is necessary only to state ultimate facts. An allegation of assignment implies a valid assignment. If it was not valid it was not an assignment; and upon issue joined the allegation will be supported only by proof of a valid assignment. It is held that in suing upon a contract which, by the statute of frauds, is required to be in writing, it is unnecessary to aver that it was in writing. An allegation that it was made, amounts to an allegation that it was validly made, and requires proof of is valid execu-

tion.—*Tucker v. Edwards*, 7 Colo. 209; *Hunt v. Hayt*, 10 Colo. 278.

Upon the same principle, an allegation in this complaint of authority from the probate court to assign the paper, was unnecessary.

The judgment will be reversed.

*Reversed.*