RAMSEY v. BROWDER.

(Filed October 18, 1904).

1. COMPROMISE AND SETTLEMENT — *Payments* — *The Code, sec. 574—Tender.*

Where a creditor agrees to accept a lesser amount in satisfaction of his debt, the lesser amount to include advertising, the amount of which was to be agreed upon by the creditor, the failure of the debtor to pay the amount of the compromise, the creditor having refused to state the amount of advertising he would take, does not invalidate the compromise.

2. REFERENCES—*Findings of Court.*

Where the rulings of a trial judge affect only the conclusions of law of a referee, and he finds no facts, the findings of fact of the referee remain in force.

ACTION by J. L. Ramsey against D. H. Browder, heard by *Judge George H. Brown* at April Term, 1904, of the Superior Court of WAKE County. From a judgment for the plaintiff the defendant appealed.

*Armistead Jones & Son* and *J. C. L. Harris,* for the plaintiff.

*W. N. Jones, Battle & Mordecai* and *J. N. Holding,* for the defendant.

CLARK, C. J.   The findings of fact by the referee are in substance that on January 1, 1901, there was a balance of $1,548.04 due the plaintiff by the defendant's intestate; that soon thereafter the said intestate "agreed to pay the plaintiff, and the plaintiff agreed to accept, one-fourth of the amount then due in compromise and settlement of the claim, the plaintiff agreeing to accept a portion of the amount in advertising.   There was no valuable consideration for this agreement.   Subsequently, as a part performance of this agreement of compromise, the plaintiff gave orders upon the defendant's intestate for advertising to be credited on the amount due under the compromise, and all such orders were promptly filled.   Such advertising amounted to $112.40. On June 12, 1901, the defendant's intestate died and the defendant shortly thereafter qualified as her administrator." Also, that the defendant "made demands on the plaintiff to designate the amount the plaintiff would take in advertising and the amount of cash which would be required to settle the compromised debt, and he failed to designate the amounts. The plaintiff did not, at any time after the compromise, make demand on any one for compliance beyond the advertising above-mentioned."   Upon the above findings of fact the referee's conclusion of law was that "the compromise in the Spring of 1901, constitutes a valid, subsisting and enforcible agreement," and that the plaintiff was entitled to judgment for the amount of the compromise, $387.01, less advertising paid, $112.40, *i. e.,* $274.61, with interest thereon from June 25, 1902, the date this action was begun.

Upon exceptions to this report, duly filed, both as to the findings of fact and of law, the Court held:

"1. The entire evidence does not show a 'payment of such less amount' as required by section 574 of The Code."

"2. There has been no performance by the defendant's intestate by paying the said compromise sum," and there-

upon rendered judgment for the full amount of the original debt, $1,548.04, with interest from January 1, 1901, subject to a credit of $112.40, advertising paid.

The ruling of the Judge leaves all the findings of the referee in force except as modified thereby. *Smith v. Smith,* 123 N. C., 234, there being no specific finding of fact by the Judge, those of the referee stand; *McEwen v. Loucheim,* 115 N. C., 348; *Battle v. Mayo,* 102 N. C., 434. Here the modification is entirely as to the referee's conclusions of law. Prior to The Code, sec. 574 (enacted in 1874-'5, chap. 178), payment by compromise of a lesser sum would not discharge an indebtedness for a larger sum. By that act an agreement to accept a part of a debt in discharge of the whole was no longer, as before, void, because without consideration and *nudum pactum,* but became a valid, enforcible contract. *Boykin v. Buie,* 109 N. C., 501; *Petit v. Woodlief,* 115 N. C., 120. In both those cases, there was an agreement, as here, to accept the lesser sum, but when payment was offered it was declined. The agreement to accept the lesser sum was held valid and enforcible under section 574. And where new bonds were issued for a smaller amount in compromise of a larger, they were held valid. *Bank v Comrs.,* 116 N. C., 362.

It is true that while the agreement is valid and enforcible, yet if the debtor, as in *Hunt v. Wheeler,* 116 N. C., 425, repudiate it or unreasonably delay to execute it, the creditor is remitted to his rights under the original contract, for payment of the sum agreed to be paid under the new contract is essential to a discharge of the old contract But here a part of the agreed sum was to be paid in advertising. Something (nearly a third) was so paid, but when the plaintiff was called on to designate how much in all should be so paid, he failed to do so. He cannot take advantage of his own wrong. Until he designated the amount to be taken in ad-

vertising the defendant could not know how much to pay or tender in money.   A case in point is *Tucker v. Edwards,* 7 Colo., 211.

Upon the findings of fact by the referee, which were not disturbed by the Judge and must be taken as true by us, the Court below should have sustained the referee's conclusions of law, or, if the plaintiff prefers, he can state the sum he would elect to receive (if any more) in advertising, and the defendant will be allowed a time thereafter, to be specified in the judgment, in which to furnish said advertising and to pay the balance of the compromise in cash   If the defendant does not comply by the date named, then at the next succeeding term the plaintiff shall be entitled to judgment for the original debt, credited with the advertising paid.

Error.