King, J.,
delivered the opinion of the court.
For convenience, the parties hereto' will be called plaintiff and defendant, as in the trial court. Jesse Stephenson, defendant in error, was plaintiff, and Melinda J. Workman defendant. Mrs. Workman was the widow of Travis D. Workman, and she and her two minor children, as heirs of *340 said Travis D. Workman, were the owners of the north half of the northwest quarter of section 7, township 38 north, range 9 E. N. M. M., together with other lands lying east of the tract described. Plaintiff was the owner of a tract of land, the northwest comer of which was coincident with the southeast corner of the tract hereinbefore described. Plaintiff alleged that in the fall of 1911 he entered into an oral contract with defendant whereby he was to furnish the materials for the construction of a party-line fence between his land and the land of the Workmans lying east of the tract described; that defendant was to- construct the fence, after which it should be for the common use of the owners of said lands; that in addition to constructing the fence, the defendant “was to give this plaintiff an easement along thé south side of the north half of said northwest quarter'of section seven (7), and on the corner of the said northwest quarter of the northeast quarter of said section * * * which said easement was to be for the purpose of constructing, maintaining and operating a ditch for the purpose of irrigating the lands owned by plaintiff, and also for the purpose of being used as a drive way, along the south side of said land, from the lands owned by plaintiff to- the west side of said section seven (7).” The complaint further -alleges t-h-at the plaintiff - performed his part of the contract; that the defendant constructed the fence as provided in the agreement, but had fenced the right of way, and at all times refused to permit the- plaintiff to occupy the same or to use the land as a driveway, and threatened to maintain the fence and deny plaintiff’s right to- use the way in the future. The allegations of the complaint as to- the way were denied, and the plea- of the statute of frauds- interposed.
Upon -conflicting evidence, the court made a finding that there was an oral agreement between plaintiff and Mrs. Workman, whereby he was to have a driveway along the south side of the land herein described, “and that subsequent to the granting of said oral license, the said right of way was paid for by the plaintiff, and that the said right of way re *341 mained open and was used by the plaintiff and others until the 13th day of May, 1912;” that thereafter the defendants unlawfully erected fences upon the right of way. Judgment was entered, -enjoining defendants from constructing or maintaining any fences or other obstructions upon said right of way, and included a mandatory order requiring them to remove the fences already constructed. Defendant admitted that she told the plaintiff he might build a small ditch upon the land belonging to- defendant and her children, to carry water to plaintiff’s lands; denied that she agreed to give him a permanent right of way for road or- driveway; but admitted that she told him he could so use it as long as she left it open for her own use, it appearing that it was then unenclosed. The court’s finding, that the parol license had been paid for, was predicated solely upon the plaintiff’s testimony that the consideration for such license was included in the offer of plaintiff to furnish the materials for the fence. The complaint does not allege, and there is no evidence to support the finding of the court, that the alleged license was ever exercised by plaintiff, either by the construction of the ditch or the use of the way. On the -contrary, plaintiff’s own evidence shows that he made a survey for a ditch and found that he did not need to use defendant’s lands therefor, and built his ditch elsewhere. There is not a scintilla of evidence to show that between the date of the agreement and the beginning of the suit, plaintiff had used defendant’s land for a way. There is some evidence tending to show that other persons, not parties to the alleged agreement or license, were trespassing on defendant’s land, by using it as a driveway, for which reason she fenced it; but plaintiff’s case is in no manner strengthened by that trespass.
Under the condition of the pleadings and evidence, the judgment should have been for the defendant. (1) If the interest claimed by plaintiff in the land of the defendant and her' children is to- be regarded as an easement, it is an interest in real estate claimed to- have been created by express agree *342 ment, and is an estate which, as a general rule, cannot be created or proven by parol when the statute of frauds is pleaded in bar — Stewart v. Stevens, 10 Colo. 440, 446, 15 Pac. 786 ; Ward v. Farwell, 6 Cofo. 66; Jones on Easements, §§ 63-204, and cases cited. Nothing in this case takes it out of the general rule. (2) If the interest claimed by plaintiff was a parol license, as the decree finds it was, it was revocable until acted upon by the licensee, and the act of Mrs. Workman m closing the land to plaintiff’s use was a revocation. Plaintiff insists that the parol license became irrevocable because he paid for the license by furnishing materials for the fence, and the court seems to have so held. Payment of consideration is often an important, but is not a controlling, element in determining whether a parol license is thereafter revocable, but generally there must be other elements. In the instant case it was necessary also to allege and prove the use of the land said to have been licensed — Duinneen v. Rich, 22 Wis. 550; Thoemke v. Fielder, 91 Wis. 386, 64 N. W. 1030; Johnson v. Skillman, 29 Minn. 95, 12 N. W. 149, 43 Am. Rep. 192; Tanner v. Volentine, 75 Ill. 624; White v. Manhattan R. Co., 139 N. Y. 19, 34 N. E. 87; Long v. Mayberry, 96 Tenn. 378, 36 S. W. 1040. It is true that the common law rule in regard to parol licenses, which held them revocable, has been modified in this state, particularly with regard to. irrigation ditches — DeGraffenried v. Savage, 9 Colo. App. 131, 47 Pac. 902; Schilling v. Rominger, 4 Coho. 100, 105; Tynon v. Despain, 22 Colo. 240, 246, 43 Pac. 1039; McLure v. Koen, 25 Colo. 284, 287, S3 Pac. 1038; Arthur Irrig. Co. v. Strayer, 50 Colo. 371, 375, its Pac. 724. These cases are cited by plaintiff, but none of them supports the judgment. In DeGraffenried v. Savage, supra, the claimant of the easement had built an irrigation ditch over certain land, with the knowledge and consent of the owner, and had used it for two years. No consideration had been paid. The court said that in this arid .country, a right of way for irrigation ditches is granted ex necessitate, and held that “in cases of this kind, license to *343 enter, after entry and construction of a ditch, operates as a grant, and such grant is. presumed and implied.” In Schilling v. Rominger, supra, in whiohi an irrigation ditch was under consideration, the court sustained the easement upon the holding that the agreement was wholly executed, and there had been an uninterrupted! user thereof for two years. In Tynon v. Despain, supra, there had been an uninterrupted user, with the knowledge of the owners of the land, for many years, and the court said that if the easement claimed rested upon a parol license, it might be sustained on the principle that the license was not revocable so far as it had been executed. In McLure v. Koen, supra, the court said, “It is well settled in this jurisdiction that although an oral contract relating to realty is within the statute, where a consideration has passed, and it has been fully performed by both parties, and the possession taken in pursuance thereof, the bar of the statute is removed, and equity will enforce the right thus acquired.” That case and the case of Arthur Irrig. Co. v. Strayer, supra, involved the right of way for irrigation ditches. The easement was sustained, because of the user for several years. (3.) The terms of the alleged agreement, as disclosed by the evidence, were too indefinite, and uncertain as to .the extent and character of the privilege, to sustain a judgment. There was neither allegation nor proof as to the location of the way, except the indefinite statement that it was to be “along the south line” — no width agreed upon — nor talked of in fact— nothing of the definiteness and certainty usually found in and necessary to the creation of interests in real estate.
There is another matter which we think worthy of consideration: the decree sought to limit its effect to the defendant only, by reciting that the inj unction should not be construed to affect the rights of the minor children, who were owners of an undivided half interest in the land; but it is evident that if the mother of the minors be compelled to remove the fences, the interests of the minors will be subjected to the easement, unless they shall institute some proceeding *344 to prevent its being so used. We think the mother, as the natural guardian of her children, has the right, and it may be her duty, to protect their interests during their minority by fencing against trespassers, and for that reason she could do in her representative capacity what she is by the court enjoined from doing in her own interest. Equity will not order a useless thing to be done.
The judgment is reversed and cause remanded, with instructions to dismiss the action at the costs of the plaintiff.

Reversed and remanded.